Hampton v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-211-CR





WALTER RICHARD HAMPTON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR92-024, HONORABLE FRED CLARK, JUDGE PRESIDING



 




 Walter Richard Hampton was charged with arson, for allegedly setting fire to the
building that housed his business, Hill Country Tires, in New Braunfels, Texas. See Tex. Penal
Code Ann. § 28.02 (West 1994). The jury found appellant guilty, and the trial court sentenced
him to five years' confinement, probated, in the Institutional Division of the Texas Department
of Criminal Justice, fined him $2,500, and ordered him to pay restitution of $5,020. Appellant
brings five points of error challenging his conviction. Appellant's first two points of error
challenge the factual and legal sufficiency of the evidence, and his third through fifth points of
error allege that he was denied a fair trial because of the allegedly improper trial conduct of the
district attorney. We will affirm the conviction.

 Appellant challenges the legal sufficiency of the evidence supporting his conviction
in point of error one and the factual sufficiency of the evidence supporting his conviction in point
of error two. In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). When
conducting a factual sufficiency review, we do not review the evidence in the light most favorable
to the verdict. Instead, we consider all the evidence equally, including the testimony of defense
witnesses and the existence of alternative hypotheses. Orona v. State, 836 S.W.2d 319 (Tex.
App.--Austin 1992, no pet.). We will set aside a verdict for factual insufficiency only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Stone v.
State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed).

 Appellant principally relies upon Massey v. State, 226 S.W.2d 856, 859 (Tex.
Crim. App. 1950) and subsequent cases, which stand for the proposition that motive and
opportunity alone are not sufficient to establish that an arson defendant set fire to a building.

 Texas Penal Code section 28.02(a)(2)(A) provides:



A person commits an offense if he starts a fire or causes an explosion with intent
to destroy or damage:


. . .


(2)  any building, habitation, or vehicle:


 (A)  knowing that it is within the limits of an incorporated city or town;



Tex. Penal Code Ann. § 28.02(a)(2)(A) (West 1994). The mere fact that a building has been
destroyed by fire does not show that the crime of arson has been committed by anyone; there
must be evidence that the fire was of an incendiary origin. Faulk v. State, 608 S.W.2d 625, 627
(Tex. Crim. App. 1980). Furthermore, the State must establish intent on the part of the
defendant. The requisite intent for arson may be inferred from the defendant's conduct, and while
the intent cannot be inferred from the mere act of burning, it may be found from all the facts in
the case. Miller v. State, 566 S.W.2d 614, 618 (Tex. Crim. App. 1978).

 Our review of the record reveals that the State did not merely establish that
Appellant had motive and opportunity to start the fire. See Massey, 226 S.W.2d at 859. The
State also established that the fire was of an incendiary origin, and provided evidence linking the
fire to appellant.

 Extensive evidence in the record indicates that the fire was intentionally set. 
Evidence indicates that the fire spread rapidly. An EMS driver passed by the building at 12:30
a.m. and saw no signs of fire. When firefighters arrived at the blaze at 12:53 a.m., the fire was
already "intense," with flames coming up through the roof. Les Rowland, an insurance
investigator who examined the fire scene, testified that he found numerous "red flags" that
indicated arson. Portions of the concrete floor of the building evidenced "spalling," a condition
in which chunks of concrete are raised up after exposure to intense heat. Burn patterns throughout
the building indicated use of an accelerant. Most obvious were the burn patterns on the stairs
leading to the basement, which indicated that a flammable liquid had been poured down the stairs. 
The burns on the stairs also indicated a "fast intense heat." 

 Kerosene was present in samples of wood taken from the building. Shelley
Goodwin, appellant's daughter who worked at Hill Country Tires as a bookkeeper, testified that
there normally would not be kerosene on the building floor. Rowland also testified that when he
interviewed appellant after his investigation, appellant told him that no kerosene was stored in the
building. There is testimony in the record that kerosene is commonly used in the commission of
arson because it is highly flammable but does not evaporate quickly.

 Rodney Fuchs, an electrical engineer who also investigated the fire scene, testified
that the fire was not the result of an electrical short circuit. Fuchs testified that fires started by
electrical problems are slow-starting fires. Fuchs also testified that he found a space heater in the
bathroom of the building that had been plugged in during the fire. Shelley Goodwin testified that
at this time of year, the heater was normally kept by her desk, not in the bathroom. There was
also kerosene near the electrical heater.

 Having established conclusively that the fire resulted from arson, the State then
proceeded to link appellant to the fire through circumstantial evidence. Shelley Goodwin testified
that she stopped by the store with her father at approximately 6:30 p.m. on the evening of the fire. 
She testified that her father spent approximately five minutes in the store. She further testified
that this would have been enough time to allow her father to walk to the back of the store and
unlock the rear entrance. Firefighters testified that when they arrived at the burning building,
they found no signs of forced entry. Investigations of the fire scene the next day revealed that all
doors and windows of the building had been locked at the time of blaze, except the building's rear
entrance. This door showed no signs of forced entry.

 While appellant reported that he had lost several hundred tires, inner tubes, tools
worth approximately $38,000, and pieces of heavy equipment in the fire, Rowland could find no
remains of these goods in the burned building. Instead, Rowland found empty tire racks and near-empty tool boxes. Furthermore, while appellant had reported that a steam cleaner and an air
compressor were among the items destroyed in the fire, appellant later sold the steam cleaner and
listed the air compressor as collateral for a loan. Additionally, Rowland testified that file cabinets
were found with all three drawers open, in a "stair-step" fashion; (1) testimony indicates that these
file cabinets, which contained business records, were normally closed.

 Finally, appellant was having "extreme" business problems at the time of the fire. 
He was several hundred thousand dollars in debt, and his tire business was not doing well. Only
one month before the blaze, he had reactivated an insurance policy which he had let lapse a few
years before. All of the above establish much more than motive and opportunity on the part of
appellant. The numerous "red flags," such as the lack of fire-damaged inventory in the building,
overinflated losses, and the lack of any sign of a forced entry, all circumstantially point to
appellant's guilt. On appeal, appellant does not point to additional evidence in the record that
contradicts the above evidence. Instead, appellant points to testimony which creates an
uncertainty as to the manner in which the fire was ignited. However, in light of the above
testimony establishing that the fire was a result of arson, the State's failure to establish the method
of ignition is not fatal to its case. Having reviewed and weighed all evidence in the record, we
find it both legally and factually sufficient to support appellant's conviction. Appellant's first and
second points of error are overruled. 

 In his third, fourth, and fifth points of error, appellant contends that various
instances of improper trial conduct on the part of the prosecutor resulted in appellant being denied
a fair trial. Point of error three points to questions asked by the prosecutor that appellant claims
were inflammatory. Point of error four focuses on allegedly improper hypotheticals. Point of
error five complains of sidebar comments made by the prosecutor. In his brief, appellant
addresses these points together. Appellant concedes that each of the complained-of actions alone
does not constitute reversible error. Instead, appellant contends that "the cumulative effect of the
District Attorney's actions rose to a level of prosecutorial misconduct which prejudiced the
appellant's right to a fair trial, in that the jury had its attention constantly focused on improper
evidence and argument."

 In all but two of the instances of alleged improper conduct, appellant either made
no objection, made an objection but obtained no ruling from the trial court, or received a
favorable ruling but pursued no further relief. Error regarding the examination of witnesses or
the admission of evidence is not preserved for appellate review absent a timely objection. 
Cisneros v. State, 692 S.W.2d 78, 82 (Tex. Crim. App. 1985). Furthermore, when a defendant
obtains all relief requested, no complaint is preserved for our review. Cook v. State, 858 S.W.2d
467, 473 (Tex. Crim. App. 1993). Appellant therefore waived any complaint regarding the
above conduct.

 The complained-of conduct that was not waived involved the prosecutor's
questioning of witnesses Juan Rodriguez, a former employee of appellant, and insurance
investigator Les Rowland. In both cases, defense counsel objected to the questions before the
witnesses answered. The objections were then sustained and the jury instructed to disregard the
questions. Appellant moved for a mistrial, which the trial court overruled.

 The asking of an improper question, by itself, seldom requires a mistrial. Swallow
v. State, 829 S.W.2d 223, 226-27 (Tex. Crim. App. 1992); Hernandez v. State, 805 S.W.2d 409,
413 (Tex. Crim. App. 1990). "In most cases, any harm from such a question may be cured by
an instruction to disregard the question." Hernandez, 805 S.W.2d at 413-14. "A mistrial is
required when the question is `clearly calculated to inflame the minds of the jury and is of such
character as to suggest the impossibility of withdrawing the impression produced on their minds.'" 
Id. at 141 (citing Gonzales v. State, 685 S.W.2d 47, 49 (Tex. Crim. App.), cert. denied, 472
U.S. 1009 (1985)). Having reviewed the relevant portions of the record, we conclude that any
harm that resulted from these questions was cured by the trial court's instructions. Furthermore,
we conclude that all three points, considered together, do not constitute cumulative error requiring
a reversal. Appellant's third, fourth, and fifth points of error are overruled.

 The judgment is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 1994

Do Not Publish
1. [1]  The record contains testimony that drawers open in this fashion would facilitate the
burning of their contents.