medina v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-330-CR

FRANCISCO MEDINA A/K/A APPELLANT

ALFREDO DIAZ MEDINA 

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Francisco Medina a/k/a Alfredo Diaz Medina appeals from his conviction for possession of, with intent to deliver
, a controlled substance
 of four hundred grams or more (cocaine).  Appellant pled not guilty, a jury found him guilty, and the trial court sentenced him to fifty years’ confinement and assessed a $1,000 fine.  In eight points, Appellant contends that the evidence is legally and factually insufficient to support his conviction and that the State impermissibly commented on his failure to testify.  We affirm.

Fort Worth police officers received information that individuals were selling large amounts of cocaine from horse corrals located in Fort Worth.  Officer Jerardo Cedillo was investigating the allegations and arranged by telephone to purchase from Appellant two kilograms of cocaine.  Officer Cedillo and Appellant agreed that the purchase price would be $18,000 per kilogram, and the transaction was to take place at 3:00 p.m. on July 3, 2001 at the corrals.

Fort Worth officers set up a “buy-bust” operation.  While surveillance officers watched the corrals, Appellant and Officer Cedillo engaged in conversation.  Officer Cedillo was wearing a wire and most of the conversation was recorded.  Officer Cedillo watched Appellant step away and make a telephone call, and heard him tell the person on the line to “go ahead and bring the product.”  Officer Cedillo left the area, and when he returned approximately fifteen minutes later, he saw Appellant leading a horse by its reins.  Appellant directed Officer Cedillo to the horse and said, “It’s in the saddle,” and told the officer to look inside.  When Appellant opened the left saddle bag, Officer Cedillo looked inside and saw two thin plates of an off-white substance.  Officer Cedillo verified that one kilogram was in the saddle and that the price was $18,000.  At Officer Cedillo’s signal, the arrest team arrived.  Appellant tried to elude the officers by riding off on the horse, but was unsuccessful.

Appellant was indicted on two counts.  First, he was charged with intentionally or knowingly delivering cocaine in the amount of four hundred grams or more (including adulterants and dilutants) to Officer Cedillo.  Second, he was charged with intentionally or knowingly possessing with intent to deliver cocaine in the amount of four hundred grams or more (including adulterants and dilutants).  At trial, Officer Cedillo identified Appellant in open court as the man who had sold and delivered the cocaine to him; however, he testified that when he dealt with Appellant on July 3, 2001, he knew Appellant as “Enrique,” which is not Appellant’s name.  The jury convicted Appellant on both counts. 

In his first through fourth issues, Appellant contends that the evidence is legally and factually insufficient to support his conviction.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the 
verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson,
 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
 

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson,
 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal. 
Sims v. State,
 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Here, Appellant indicates that the following evidence is the most important evidence.  First, the State called four witnesses at trial, only one of whom testified that Appellant knowingly possessed or knowingly delivered a controlled substance.  Second, a search of Appellant’s residence produced no indication of drug dealing or drug possession.  Third, Officer Cedillo testified that the person who delivered the drugs to him was named “Enrique,” not Francisco Medina.  Fourth, the testimony at trial showed that “Enrique,” the man who delivered the horse to Officer Cedillo, very likely had no idea that a controlled substance was inside the horse’s saddle.  Fifth, Officer Cedillo did not bring any of his personal notes to court, even though he knew the defense had the right to examine and inspect them.

After our review of all the evidence, we hold that the evidence is both legally and factually sufficient to support the jury’s verdict. 
See McDuff,
 939 S.W.2d at 614; 
Johnson,
 23 S.W.3d at 9, 12.  We overrule Appellant’s first through fourth issues. 

In his fifth through eighth issues, Appellant contends that his conviction should be reversed because the prosecutor commented on his failure to testify. The audiotape of the conversation between Appellant and Officer Cedillo was entered into evidence as State’s Exhibit 2.  Their conversation on the tape was in Spanish and English.  Officer Cedillo testified that he and Appellant were the speakers on the tape, and the officer translated their conversation for the jury.  During closing argument, defense counsel said, “We’ve got the audiotape, and it’s in Spanish and English, and who knows who’s really speaking on this except Officer Cedillo says this is the Defendant and I speaking together.”  The State countered with the statement, “First of all, the voices on the tape are the Defendant and the officer.  And if they weren’t, don’t you know we would have heard something about that.”  The only objection Appellant made to this argument was that the State was “shifting the burden.”

To determine if a prosecutor’s comment violated article 38.08 and constituted an impermissible reference to an accused’s failure to testify, we must consider whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily consider it to be a comment on the defendant’s failure to testify.  
Tex. Code Crim. Proc. Ann.
 art. 38.08 (Vernon 1979); 
see Bustamante v. State
, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); 
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999).  The offending language must be viewed from the jury’s standpoint and the implication that the comment referred to the accused’s failure to testify must be clear.  
Bustamante
, 48 S.W.3d at 765; 
Swallow v. State
, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).
  A mere indirect or implied allusion to the accused’s failure to testify does not violate the accused’s right to remain silent. 
 Patrick v. State,
 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995), 
cert. denied
, 517 U.S. 1106 (1996)
.

Here, given the context in which the prosecutor made the comment, in response to defense counsel’s urging the jury to disregard or at least view with suspicion Officer Cedillo’s testimony, we cannot conclude that the jury necessarily took the statement as a comment that Appellant's guilt could be inferred from Appellant's failure to testify.
  Cf. Wesbrook v. State,
 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (holding a permissible area for jury argument is “answer to argument of opposing counsel”), 
cert. denied
, 532 U.S. 1407 (2001).  We overrule issues five through eight.

We affirm the trial court’s judgment.

PER CURIAM

PANEL A: HOLMAN, J.; CAYCE, C.J.; and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 8, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.