COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-330-CR
 
FRANCISCO MEDINA A/K/A                                                        
   APPELLANT
ALFREDO DIAZ MEDINA
V.
THE STATE OF TEXAS                                                                   
STATE
------------
FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Francisco Medina a/k/a Alfredo
Diaz Medina appeals from his conviction for possession of, with intent to
deliver, a controlled substance of four hundred grams or more (cocaine).
Appellant pled not guilty, a jury found him guilty, and the trial court
sentenced him to fifty years' confinement and assessed a $1,000 fine. In eight
points, Appellant contends that the evidence is legally and factually
insufficient to support his conviction and that the State impermissibly
commented on his failure to testify. We affirm.
Fort Worth police officers received
information that individuals were selling large amounts of cocaine from horse
corrals located in Fort Worth. Officer Jerardo Cedillo was investigating the
allegations and arranged by telephone to purchase from Appellant two kilograms
of cocaine. Officer Cedillo and Appellant agreed that the purchase price would
be $18,000 per kilogram, and the transaction was to take place at 3:00 p.m. on
July 3, 2001 at the corrals.
Fort Worth officers set up a
"buy-bust" operation. While surveillance officers watched the corrals,
Appellant and Officer Cedillo engaged in conversation. Officer Cedillo was
wearing a wire and most of the conversation was recorded. Officer Cedillo
watched Appellant step away and make a telephone call, and heard him tell the
person on the line to "go ahead and bring the product." Officer
Cedillo left the area, and when he returned approximately fifteen minutes later,
he saw Appellant leading a horse by its reins. Appellant directed Officer
Cedillo to the horse and said, "It's in the saddle," and told the
officer to look inside. When Appellant opened the left saddle bag, Officer
Cedillo looked inside and saw two thin plates of an off-white substance. Officer
Cedillo verified that one kilogram was in the saddle and that the price was
$18,000. At Officer Cedillo's signal, the arrest team arrived. Appellant tried
to elude the officers by riding off on the horse, but was unsuccessful.
Appellant was indicted on two counts.
First, he was charged with intentionally or knowingly delivering cocaine in the
amount of four hundred grams or more (including adulterants and dilutants) to
Officer Cedillo. Second, he was charged with intentionally or knowingly
possessing with intent to deliver cocaine in the amount of four hundred grams or
more (including adulterants and dilutants). At trial, Officer Cedillo identified
Appellant in open court as the man who had sold and delivered the cocaine to
him; however, he testified that when he dealt with Appellant on July 3, 2001, he
knew Appellant as "Enrique," which is not Appellant's name. The jury
convicted Appellant on both counts.
In his first through fourth issues,
Appellant contends that the evidence is legally and factually insufficient to
support his conviction. In reviewing the legal sufficiency of the evidence to
support a conviction, we view all the evidence in the light most favorable to
the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90 (Tex. Crim. App.
2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), cert.
denied, 507 U.S. 975 (1993). The critical inquiry is whether, after so
viewing the evidence, any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. McDuff v. State, 939
S.W.2d 607, 614 (Tex. Crim. App.), cert. denied, 522 U.S. 844 (1997).
This standard gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
In reviewing the factual sufficiency of
the evidence to support a conviction, we are to view all the evidence in a
neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). Evidence is factually insufficient if it is so weak as to be
clearly wrong and manifestly unjust or the adverse finding is against the great
weight and preponderance of the available evidence. Johnson, 23 S.W.3d
at 11. Therefore, we must determine whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the verdict, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof. Id. In performing this review, we are to give due deference to
the fact finder's determinations. Id. at 8-9; Clewis, 922
S.W.2d at 136. We may not substitute our judgment for that of the fact finder's.
Johnson, 23 S.W.3d at 12. Consequently, we may find the evidence
factually insufficient only where necessary to prevent manifest injustice. Johnson,
23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997).
To make a determination of factual
insufficiency, a complete and detailed examination of all the relevant evidence
is required. Johnson, 23 S.W.3d at 12. A proper factual sufficiency
review must include a discussion of the most important and relevant evidence
that supports the appellant's complaint on appeal. Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). Here, Appellant indicates that the
following evidence is the most important evidence. First, the State called four
witnesses at trial, only one of whom testified that Appellant knowingly
possessed or knowingly delivered a controlled substance. Second, a search of
Appellant's residence produced no indication of drug dealing or drug possession.
Third, Officer Cedillo testified that the person who delivered the drugs to him
was named "Enrique," not Francisco Medina. Fourth, the testimony at
trial showed that "Enrique," the man who delivered the horse to
Officer Cedillo, very likely had no idea that a controlled substance was inside
the horse's saddle. Fifth, Officer Cedillo did not bring any of his personal
notes to court, even though he knew the defense had the right to examine and
inspect them.
After our review of all the evidence, we
hold that the evidence is both legally and factually sufficient to support the
jury's verdict. See McDuff, 939 S.W.2d at 614; Johnson, 23
S.W.3d at 9, 12. We overrule Appellant's first through fourth issues.
In his fifth through eighth issues,
Appellant contends that his conviction should be reversed because the prosecutor
commented on his failure to testify. The audiotape of the conversation between
Appellant and Officer Cedillo was entered into evidence as State's Exhibit 2.
Their conversation on the tape was in Spanish and English. Officer Cedillo
testified that he and Appellant were the speakers on the tape, and the officer
translated their conversation for the jury. During closing argument, defense
counsel said, "We've got the audiotape, and it's in Spanish and English,
and who knows who's really speaking on this except Officer Cedillo says this is
the Defendant and I speaking together." The State countered with the
statement, "First of all, the voices on the tape are the Defendant and the
officer. And if they weren't, don't you know we would have heard something about
that." The only objection Appellant made to this argument was that the
State was "shifting the burden."
To determine if a prosecutor's comment
violated article 38.08 and constituted an impermissible reference to an
accused's failure to testify, we must consider whether the language used was
manifestly intended or was of such character that the jury would naturally and
necessarily consider it to be a comment on the defendant's failure to testify.
Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979); see Bustamante v. State,
48 S.W.3d 761, 765 (Tex. Crim. App. 2001); Fuentes v. State, 991 S.W.2d
267, 275 (Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999). The
offending language must be viewed from the jury's standpoint and the implication
that the comment referred to the accused's failure to testify must be clear. Bustamante,
48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim.
App. 1992). A mere indirect or implied allusion to the accused's failure to
testify does not violate the accused's right to remain silent. Patrick v.
State, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995), cert. denied,
517 U.S. 1106 (1996).
Here, given the context in which the
prosecutor made the comment, in response to defense counsel's urging the jury to
disregard or at least view with suspicion Officer Cedillo's testimony, we cannot
conclude that the jury necessarily took the statement as a comment that
Appellant's guilt could be inferred from Appellant's failure to testify. Cf.
Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000) (holding a
permissible area for jury argument is "answer to argument of opposing
counsel"), cert. denied, 532 U.S. 1407 (2001). We overrule issues
five through eight.
We affirm the trial court's judgment.
 
                                                       
   PER CURIAM
 
PANEL A: HOLMAN, J.; CAYCE, C.J. and DAY,
J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 8, 2003

1. See Tex. R. App. P. 47.4.