Bobby Jo Mitchell v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-034-CR

BOBBY JO MITCHELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Bobby Jo Mitchell appeals his conviction for misdemeanor driving while intoxicated (DWI).  After the jury found Mitchell guilty, the court fined him 
forty dollars and sentenced him to forty days’ confinement.  In two points, Mitchell challenges the factual sufficiency of the evidence to prove that he was intoxicated and claims that the trial court erred by overruling his objection and motion for mistrial after the prosecutor commented during closing argument on his failure to testify.  We will affirm.

II.  Factual Sufficiency Standard of Review

The court of criminal appeals has recently restated and clarified the standard of review to be used by appellate courts in reviewing the factual sufficiency of the evidence to support a conviction.  In 
Zuniga v. State
, the court held:

There is only one question to be answered in a factual-sufficiency review:  Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt? However, there are two ways in which the evidence may be insufficient.  First, when considered by itself, evidence supporting the verdict may be too weak to support the finding of guilt beyond a reasonable doubt.  Second, there may be both evidence supporting the verdict and evidence contrary to the verdict. Weighing all the evidence under this balancing scale, the contrary evidence may be strong enough that the beyond-
a-
reasonable-
doubt standard could not have been met, so the guilty verdict should not stand.  This standard acknowledges that evidence of guilt can 
“preponderate
” in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.  Stated another way, evidence supporting guilt can 
“outweigh
” the contrary proof and still be factually insufficient under a beyond-
a-
 reasonable-
doubt standard.

No. 539-
02, 2004 WL 840786, at *7 (Tex. Crim. App. Apr. 21, 2004) (footnote omitted).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson v. State
, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000).  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

III.  Factually Sufficient Evidence to Support DWI Conviction

In his first point, Mitchell complains that the evidence is factually insufficient to prove that he was intoxicated by reason of the introduction of alcohol into his body.  Mitchell contended at trial that his conduct was the result of his diabetes, not intoxication.  Mitchell argues that the evidence of hypoglycemia greatly outweighs the evidence of intoxication, rendering the intoxication evidence factually insufficient.  The State responds that factually sufficient evidence supports Mitchell’s conviction. 

A concerned citizen called 911 to report a suspected drunk driver operating a silver SUV.  Grapevine Police Officer Mark Shimmick responded to the 911 dispatch call and observed the suspect SUV stopped at a red light on a service road.  When the light turned green, the driver stopped the SUV in the middle of the roadway while attempting a left turn.  After the driver completed the left turn, he struggled to maintain his lane, his right tire struck the center lane divider, and his speed varied from thirty to fifty-five miles per hour in a forty-five mile-per-hour zone.  At that point, Officer Shimmick initiated a stop. Mitchell was behind the wheel of the SUV, and as Officer Shimmick spoke with Mitchell, he noticed that Mitchell’s eyes were bloodshot and watery and that Mitchell’s breath smelled of alcohol.  Mitchell admitted that he had “too much” to drink that evening.  Consequently, Officer Shimmick asked Mitchell to perform some field sobriety tests.  Mitchell appeared unsteady when he exited the SUV.  Officer Shimmick allowed Mitchell to go back to his vehicle to get his jacket, and Mitchell again appeared unsteady.  Mitchell exhibited six out of six clues on the horizontal gaze nystagmus test, indicating impairment.
(footnote: 2)  During the walk and turn test, Mitchell lost his balance twice during the instruction stage; stopped while walking; stepped off the line and lost his balance during the test; and after he turned, he could not finish the test.  Officer Shimmick testified that Mitchell exhibited four of eight clues on the test and that only two are needed to indicate impairment.  Officer Shimmick placed Mitchell under arrest for DWI and inventoried the SUV.  Officer Shimmick’s inventory of the SUV revealed two sixteen ounce beers in the SUV’s backseat; one full and one two-thirds full.

At the jail, Mitchell refused to give a breath specimen and to perform the finger to nose test.  Mitchell completed a medical form stating that he was diabetic and took insulin.  However, Officer Shimmick testified that Mitchell never told him during the initial contact or during the administration of the field sobriety tests that Mitchell was diabetic, was having problems with his blood sugar, or needed food.  Officer Shimmick further testified that he had medical training to recognize the difference between intoxication and a diabetic attack. He stated that there were different signs to look for and that he did not observe anything in Mitchell that is similar to other diabetics with whom Officer Shimmick has had experience.  Officer Shimmick said that diabetics are usually incoherent, wear a medical alert bracelet for diabetes, emit a sweet odor, usually tell the officer what is wrong, and usually state that they need a candy bar.  Here, Mitchell exhibited none of these characteristics, so Officer Shimmick concluded that Mitchell was intoxicated. 

The jury viewed a videotape showing Mitchell at the scene of the DWI stop and in the intoxilyzer room.  It shows Mitchell falling into the roadway and stumbling when asked to perform the field sobriety tests.  The video of Mitchell at the jail shows Mitchell refusing to take a breathalyzer test and responding with “What benefit is it to me to take another sobriety test?” 

Officer Savage also testified.  He stated that he responded to Officer Shimmick’s request for back-up protection.  He arrived while Officer Shimmick was instructing Mitchell on the walk and turn test.  Officer Savage testified that Mitchell failed that test.  Officer Savage described Mitchell’s poor performance on the one leg stand by stating that Mitchell basically lifted his foot off the ground and put it back down.  While Officer Savage transported Mitchell to the jail, Mitchell never indicated that he was sick or had a diabetic condition.  Officer Savage could not recall whether Mitchell asked for food or drink. Mindy Felmitt, Mitchell’s girlfriend, testified that Mitchell worked long hours and that he usually called her on his way home from his job in Plano.  She testified that Mitchell called her at approximately 10:30 p.m. on the night in question and that they talked during most of his drive home.  He mentioned to her that he had stopped to get something to drink because his blood sugar was low.  She knew that Mitchell had Type 1 diabetes and stated that if his blood sugar was low, he needed to eat something to raise it.  She testified that she was not with him that night but that he normally gets headaches or gets dizzy when he is having a problem with his diabetes.  When asked what was best for Mitchell to drink when he was having hypoglycemia, Felmitt testified that she did not know what beverage was best for Mitchell to drink because usually he eats something to combat his hypoglycemia. 

Dr. Karen Spetman testified for the defense.  She testified that four or five ounces of beer would raise a person’s blood sugar, but the blood sugar increase would take thirty to forty minutes and would not make the person recover completely.  She stated that choosing to drink beer to raise blood sugar is a poor decision, as alcohol is not recommended for diabetics, but that it is not against the law.  She stated that it is almost impossible to tell the difference between a person who is hypoglycemic versus a person who is intoxicated because both can cause a person to exhibit staggering, disorientation, dizziness, headaches, stumbling, inability to stand on one leg, and inability to touch one’s nose.  After watching the video of Mitchell performing the field sobriety tests, she could not state for certain whether Mitchell was intoxicated or was suffering from hypoglycemia, but she did state that he appeared oriented and fairly stable. 

Viewing the foregoing evidence in a neutral light, favoring neither party and giving due deference to the fact finder’s determinations, 
the jury was rationally justified in finding beyond a reasonable doubt that 
Mitchell was intoxicated by reason of the introduction of alcohol into his body on the night in question.  
See 
Zuniga
, 
2004 WL 840786, at *7; 
Johnson
, 23 S.W.3d at 7; 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  
Weighing all of the evidence, the evidence that Mitchell was not intoxicated but instead was simply in a hypoglycemic state is not so strong that the jury could not conclude beyond 
a 
reasonable 
doubt that he was intoxicated by reason of the introduction of alcohol into his body.  
See Zuniga
, 
2004 WL 840786, at *7; 
see also 
Wappler v. State
, 104 S.W.3d 661, 670 (Tex. App.—Houston [1
st
 Dist.] 2003, pet. granted) (op. on reh’g) (holding intoxication evidence factually sufficient despite doctor’s testimony that appellant’s ability to walk steadily was hindered by several health conditions, including diabetes); 
Watson v. State
, Nos. 01-99-00364-CR & 01-99-00365-CR, 2000 WL 892865, at *2 (Tex. App.—Houston [1
st
 Dist.] July 6, 2000, pet. ref’d) (not designated for publication) (holding intoxication evidence factually sufficient despite doctor’s testimony that there was no way to differentiate between intoxication and diabetes without drawing blood).

We hold that the evidence is factually sufficient to support Mitchell’s conviction for operating a motor vehicle while intoxicated by “not having the normal use of his mental or physical faculties by reason of the introduction of alcohol . . . into [his] body.”  
See 
Tex. Penal Code Ann.
 § 49.01(2)(A) (Vernon 2003);
 see also Fogle v. State
, 988 S.W.2d 891, 894 (Tex. App.—Fort Worth 1999, pet. ref’d) (holding intoxication evidence factually sufficient); 
Haskins v. State
, 960 S.W.2d 207, 209 (Tex. App.—Corpus Christi 1997, no pet.) (holding intoxication evidence factually sufficient despite appellant’s assertion he was diabetic).  We overrule Mitchell’s first point.

IV.  No Comment on Failure to Testify

In his second point, Mitchell argues that the trial court erred by overruling his objection that the following statement by the prosecutor during closing argument constituted a comment on Mitchell’s failure to testify:  “He [Mitchell] was not suffering from hypoglycemia.  He was intoxicated that night.  No one has testified as to his whereabouts that evening.  His girlfriend wasn’t with him  --“  The State argues that the trial court properly overruled Mitchell’s objection because the prosecutor’s final argument simply summarized Mitchell’s girlfriend’s testimony, properly pointed out testimony that could have been proffered, and was not the type of comment jurors necessarily would have understood as commenting on Mitchell’s failure to testify. 

The purpose of closing argument is to facilitate the jury’s proper analysis of the evidence presented at trial in order to arrive at a just and reasonable conclusion based solely on the evidence.  
Harris v. State
, 122 S.W.3d 871, 883 (Tex. App.—Fort Worth 2003, no pet.).  To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Harris
, 122 S.W.3d at 883.  
Article 38.08 of the code of criminal procedure provides that if the accused invokes his right not to testify during his trial, it shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by the prosecuting attorney.  
Tex. Code Crim. Proc. Ann.
 art. 38.08 (Vernon 1979).  For the argument or comment of the prosecuting attorney to offend article 38.08, the language must be viewed from the standpoint of the jury, and there must be a clear implication that the language used referred to the accused’s failure to testify.  
See Dickinson v. State
, 685 S.W.2d 320, 323 (Tex. Crim. App. 1984).  We must determine whether the comment by the prosecutor was manifestly intended as a comment on the accused’s failure to testify or was of such character that the jury would naturally and necessarily interpret it as such.  
See Bird v. State
, 527 S.W.2d 891, 894 (Tex. Crim. App. 1975); 
Hall v. State
, 13 S.W.3d 115, 118 (Tex. App.—Fort Worth 2000, pet. ref’d), 
State’s pet. dism’d as improvidently granted
, 46 S.W.3d 264 (Tex. Crim. App. 2001).  The facts and circumstances of each case must be analyzed to determine whether the language was of such character.  
See Hall, 
13 S.W.3d at 118 (citing 
Dickinson
, 685 S.W.2d at 323). Language that can reasonably be construed to refer to a defendant’s failure to present evidence other than the defendant’s own testimony does not amount to comment on the failure to testify.  
Swallow v. State
, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992); 
see e.g.
, 
Hammond v. State
, 799 S.W.2d 741, 748 (Tex. Crim. App. 1990), 
cert. denied
, 501 U.S. 1259 (1991). Specifically, a prosecutor may comment on the defendant’s failure to produce witnesses and evidence so long as the remark does not fault the defendant for exercising his right not to testify.  
Jackson v. State
, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000).  If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection cannot be reversible error unless, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict. 
 
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999)
.

The argument that Mitchell complains about must be put in context in order to correctly analyze its propriety:

Ask yourselves as reasonable people, when a police officer pulled [Mitchell] over, if he was really sick, would he have told them.  I submit to you he would have told them if he was sick. Especially, if it could end up in a coma, like Dr. Spetman testified to.  He was intoxicated that night.

. . . .

He never complained of his problem, never asked for food, never told Officer Shimmick at any time, during the whole time that you see him talking to him in the car, during the whole time he is performing the [field sobriety tests].  If he was off balance or he was having problems, and he knew it was caused by his hypoglycemia, he would have told him.  I submit to you he would have told Officer Shimmick.

Two beers to cure your hypoglycemia?  Come on.  If he has suffered with this problem since juvenile status -- Type 1 diabetes is juvenile onset status -- he would have known better.  He was not suffering from hypoglycemia.  He was intoxicated that night.  
No one has testified as to his whereabouts that evening.  His girlfriend wasn’t with him 
--

[objections omitted]

Mindy could not testify as to the Defendant’s whereabouts.  She didn’t know where he was.  She knew at some point during the day he called her from work.  But when he called her from [his] cell phone, she couldn’t testify to where he was.  He could have been doing anything. [Emphasis added.]

Here, the above argument by the State was not an improper comment because it did not require Mitchell to personally rebut the State’s argument.  
See Harris
, 122 S.W.3d at 884.  The State’s argument, viewed in context, is more aptly viewed as a comment on Felmitt’s failure to testify as to Mitchell’s whereabouts, than as a comment on Mitchell’s failure to testify.  However, Felmitt was not the only one who could testify as to Mitchell’s whereabouts on the evening in question.  Someone from Mitchell’s workplace could have testified concerning the time Mitchell left work, and the store clerk where Mitchell purchased the two beers could have testified when Mitchell purchased the beer.  Viewed in context, the State’s argument simply pointed out to the jury the lack of testimony from other witnesses concerning Mitchell’s defense that he went straight from work to home and purchased beer only to resolve his hypoglycemia.  
See id.
 at 884-85 (holding State’s comment as proper summation of evidence where it specifically pointed out lack of testimony from other witnesses concerning any motive for female witnesses to falsely accuse appellant of sexual assault).  Therefore, the prosecutor’s statement was not a comment on Mitchell’s failure to testify, and the trial court did not err by overruling Mitchell’s objection.
(footnote: 3)  
See Fogle
, 988 S.W.2d at 894 (holding prosecutor’s statement was not a comment on appellant’s failure to testify where it merely pointed out that there was lack of other extrinsic evidence establishing appellant’s disorder).  We overrule Mitchell’s second point.

V.  Conclusion

Having overruled both of Mitchell’s points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 10, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Officer Shimmick testified on cross examination that nystagmus can be seen in some people who are sober, but that does not explain Mitchell’s poor performance on the other field sobriety tests.

3:
Mitchell also claims that the trial court erred by denying his motion for mistrial based on this comment, but because we have held that the State’s comment was not improper, we need not address this complaint.  
See
 
Tex. R. App. P.
 47.1 (providing that appellate court must address only issues necessary to disposition of appeal).