COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-331-CR
 
  
JOSE 
IGNACIO CERDA, A/K/A                                                APPELLANT
JOSE 
IGNASIO CERDA
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Jose Ignacio Cerda of two counts of indecency with a 
child by contact and one count of aggravated sexual assault of a child under 
fourteen years of age and assessed his punishment at seventy-five years’ 
confinement for the aggravated sexual assault conviction and twenty years’ 
confinement for each indecency with a child by contact conviction. The trial 
court sentenced Appellant accordingly, with all sentences to run concurrently. 
In one point, Appellant complains that the trial court erred by failing to 
declare a mistrial after the State engaged in improper jury argument at 
punishment. Because we hold that the trial court did not abuse its discretion by 
denying a mistrial, we affirm the trial court’s judgment.
        This 
case involves allegations of sexual abuse of a child at the hands of her 
stepfather. The complainant, D.R., whom Appellant allegedly sexually abused for 
about nine years, did not report the allegations to the police until she became 
an adult and was in counseling for relationship issues. D.R. testified about the 
abuse at trial. Appellant gave a written statement concerning D.R.’s 
allegations, which was admitted at the guilt phase. In the statement, Appellant 
claimed that D.R. was the aggressor:
   
When [D.R.] was 6 years old we were in the bedroom[.] I was sitting on a bed 
watching t.v. D.R. was climbing on me[;] she started rub[bing] me with her 
body[.] I just tho[u]ght she was playing, but th[e]n she started with her hand 
touching me on my penis on top of my pants[,] w[h]ich I tho[u]ght it was a game. 
Next time I was on bed getting ready to sleep[.] [M]y wife was in other room[.] 
I was wearing underwear[ ] and ha[d] the sheet over me[.] D.R. climb[ed] into 
bed & lay down next to me. She went under the sheet & got close to me[.] 
She rub[bed] my penis on top of my underwear[.] [S]he sat up[,] and she put her 
hand under my underwear and touch[ed] my penis[.] [S]he ma[d]e my penis hard[.] 
[S]he stop[ped] right there because she was afraid that someone [was] com[ing] 
to the room. This went on for two months[;] during that time[,] she tried to be 
with me 100% of the time. I started sta[y]ing around other people. One time D.R. 
went with me to sell/buy a t.v. [W]hile I was driving she got close to m[e] and 
touch[ed] my penis. [S]he pulled my penis out and began kissin’ it.
   
One 
time she tried to put my penis in her vagina[;] I stop[ped] her because it 
was[n’t] right.
  
  
        During 
the punishment phase, Appellant’s other written statement was admitted. This 
statement referred to extraneous conduct with other little girls, D.R.’s 
sister, B.R., twenty-eight years old at the time of trial, and J.H., D.R.’s 
cousin, twenty years old at the time of trial. Again, Appellant implied that he 
was not culpable,
   
When B.R. was around six or seven, I was watching t.v. [i]n the living room. She 
started touching m[e] with her foot on my penis, I - - thought she was pl[a]ying. 
So lat[e]r she touch[ed] my penis with her hands[.] [W]hile wearing clothes[,] I 
pressed my penis again[st] her bud, she grabbed my hand and put my hand in her 
panties is when my finger touch[ed] her between her lips . . . .
   
J.H. 
was prep[a]ring to move to the valley[.] I gave her a hug[;] th[e]n I pointed to 
her vagina and told her not to let nobody touch there.
   
He 
also wrote about touching another little girl on her stomach below her belly 
button. Contrary to Appellant’s statement, B.R. and J.H. testified that 
Appellant had sexually assaulted them.
        In 
his sole point, Appellant contends that the trial court erred by failing to 
declare a mistrial after the State engaged in improper jury argument by 
commenting on Appellant’s failure to testify. One of the major themes of the 
prosecutor’s closing argument at punishment appears to be Appellant’s 
credibility; she called him “an opportunist, a manipulator.” The prosecutor 
stated in her opening portion of the closing argument at punishment,
   
He fooled a lot of people. He even fooled their mother. She won’t even believe 
them when they came and told her what had happened. She slapped [D.R.] because 
he’s got everybody wrapped around his finger. Sister, brother, he’s fooled 
them all. Don’t let him fool you. . . .
   
. 
. . . Since he’s fooled a lot of people, don’t let him fool you. He was 
cocky. When he would do this, he would laugh and it’s because he knew he was 
getting away with it and nothing would be done. He almost got away with it until 
[D.R.] couldn’t take it anymore and she sought out counseling.
  
. 
. . .
  
His 
family members told you he discussed it with them and even after being 
confronted with his word on paper, they still don’t want to believe it.
   
                . 
. . .
  
                . 
. . . Don’t let him fool you. . . .
  
   
In 
her final closing argument, the prosecutor argued in a similar vein,
   
 
How many victims are out there? How many are out there?
All 
you know about are the four he’s volunteered to you — or should I say the 
three . . . .
  
How 
many victims are there? You don’t know. . . . This man has lived a lie for 18 
years. He lied to his wife, he lied to his family, and most of all he lied to 
himself.
  
You 
know what? He tried to lie to y’all. Let me tell you how. You know that 
statement you read? What is the first thing he does? He minimizes. Minimizes it. 
. . . He somehow convinced himself that at the age of 35, a six year old, a 
seven year old and eight-year old were coming on to him.
 
 
  
       He tried to sell that to you. . 
. .
 
                . 
. . .
  
When 
you are sentencing this man, you’re punishing a man who started sleeping with 
his stepdaughters. You are punishing a man who decided at the age of 6, 7, 8 
they were ripe for the picking. You are punishing the man who told you in his 
statement of things — first of all, that he wanted you to know. Just think 
about it. These are things that he wanted you to know? Where are the things 
he’s keeping to himself that he did? [Emphasis added]
 
 
        Appellant 
objected at this point that the argument was a comment on his failure to 
testify, and the careful trial court properly sustained the objection and 
instructed the jury to disregard the comment. But the trial court denied 
Appellant’s request for a mistrial.
        The 
prosecutor then continued, “Look specifically at the defendant’s statement. 
You go back there and read it again. Let me ask you, what is it worth?”
        Specifically, 
Appellant complains that the trial court denied the mistrial after the 
prosecutor commented on Appellant’s failure to testify. To determine if a 
prosecutor’s comment violated article 38.08 of the Texas Code of Criminal 
Procedure and constituted an impermissible reference to an accused’s failure 
to testify, we must consider whether the language used was manifestly intended 
or was of such a character that the jury would naturally and necessarily 
consider it to be a comment on the defendant’s failure to testify.[2]  The offending language must be viewed from the 
jury’s standpoint, and the implication that the comment referred to the 
accused’s failure to testify must be clear.[3]  
A mere indirect or implied allusion to the defendant’s failure to testify does 
not violate the accused’s right to remain silent.[4]
        The 
jury had heard the complainant and two other women describe their childhood 
experiences at the hands of Appellant, and the jury was familiar with 
Appellant’s written statements. While the complained-of argument taken alone 
could have been taken as an improper comment on Appellant’s failure to 
testify, an examination of the complained-of argument in its context 
demonstrates that it could also reasonably be a comment on Appellant’s failure 
to tell the truth in his written statements, that is, a proper comment on his 
credibility. Consequently, we hold that the comment was not a flagrant, blatant, 
or direct reference to Appellant’s failure to testify, and the trial court 
properly denied Appellant’s motion for a mistrial. We note for the sake of 
clarity that the prosecutor’s argument, taken in context, was an improper plea 
for law enforcement, that is, an entreaty by the prosecutor that “the jury . . 
. consider either the existence of other . . . victims of the appellant or . . . 
assess the appellant further punishment because other children have been 
victimized.”[5]  Appellant, however, did not 
object on this ground below.[6]  The trial court 
therefore did not abuse its discretion by denying Appellant’s motion for 
mistrial. We overrule Appellant’s sole point.
        Having 
overruled Appellant’s sole point, we affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
 
 
 
PANEL 
F:   DAUPHINOT, J.; CAYCE, C.J.; and MCCOY, J.
 
CAYCE, 
C.J. concurs without opinion.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 23, 2005

NOTES
1.  
See Tex. R. App. P. 47.4.
 
2. 
 Tex. Code Crim. Proc. Ann. art. 38.08 
(Vernon 1979); see Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. 
App. 2001); Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert. 
denied, 528 U.S. 1026 (1999).
 
3.  
Bustamante, 48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 
225 (Tex. Crim. App. 1992).
 
4.  
Patrick v. State, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995), cert. 
denied, 517 U.S. 1106 (1996).
 
5.  
Borjan v. State, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990).
 
6.  
See Tex. R. App. P. 
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) 
(op. on reh’g), cert. denied, 526 U.S. 1070 (1999).