## SYLVESTER McNAULTY V. THE STATE.

No. 20579. Delivered November 22, 1939.
Rehearing Denied January 31, 1940.

The opinion states the case.

*Gordon R. Wellborn,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for ten years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Sam Lewis by cutting him with a knife.

Appellant cut deceased to death with a knife at a dance which was being given by Emma Jordan. It was the State's theory, given support in the testimony, that appellant killed deceased without provocation. It was appellant's version, as shown in his own testimony and that of other witnesses, that he acted in self-defense.

It is shown in bill of exception No. 1 that in argument to the jury the district attorney used language as follows: "We could have put on many more witnesses that would have testified to the same facts that the witness testified to, that we did not put on." The argument was not supported by the evidence, and the court sustained appellant's objection thereto.

Bill of exception No. 3 reflects that the district attorney, in argument, used the following language: "It had been so long since you (the defendant) had knocked anyone in the head or cut someone that you just had it in your blood and you had to get it out, didn't you?" These remarks had no support in the testimony, and appellant's objection thereto was sustained.

We think the two bills of exception reflect reversible error. The first of said bills is concerned with the unsworn testimony of the district attorney that other witnesses would give testimony in support of the State's theory that the homicide was unprovoked. The other bill was in effect a statement by the district attorney that he had information that appellant had knocked other people in the head and cut them in transactions which were separate and distinct from the transaction on trial. The remarks embraced in the bills were obviously pre-

judicial, and the opinion is expressed that the court's action in attempting to withdraw them from the jury was not calculated to save appellant from harm. Hence we are constrained to hold that the bills of exception present reversible error.

It is shown in bill of exception No. 13 that a character witness who had testified that appellant's general reputation as a peaceable and law-abiding citizen was good was asked by the district attorney on cross-examination if he knew that appellant had been charged with an aggravated assault upon one Finnif. Appellant's objection to the question was properly sustained. While the witness might have been questioned concerning rumors he had heard as to specific acts of misconduct on the part of appellant, contrary to the reputation assigned by the witness, he could not be questioned concerning his knowledge of such matters. The question carried the implication that appellant had committed the assault inquired about. It was obviously prejudicial. We think that this bill of exception reflects error.

As shown in bill of exception No. 16, a character witness testified on cross-examination by the district attorney that on one occasion he needed appellant to work for him and found that he was in jail. The objection to such question was overruled. For the reasons stated in our discussion of bill of exception No. 13 we think this bill of exception reflects error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The Honorable Joe C. Gladney, District Attorney of Rusk County, has filed in behalf of the State a motion for rehearing. He has briefed the questions raised thoroughly and appeared personally and made a very forceful argument in behalf of his contentions.

The first complaint is because the court sustained Bill of Exception No. 13. This includes the question asked the character witness regarding a specific offense. The original opinion in this case deals with that question thoroughly as we view it, but it appears that the opinion is not properly understood. A definite reference is made to the rule that a character witness

may be cross-examined concerning his knowledge of rumors or reputation as to specific acts of conduct but could not be asked concerning his own knowledge. Furthermore, a question is objectionable independent of the answer when a proper construction of such question results in a charge that a specific offense has been committed. The objection to the question in this case was that it implied the commission of an offense. In fact, it asserts that an ·aggravated assault had been committed on another party by the appellant on the 18th day of June. The question as given is nothing else than a·direct charge that such a thing had been done. Alexander v. State, 8 S. W. (2d) 176, correctly states the rule with authorities, and the court declined to reverse that case because of the negative answer, but this might be done only in view of the particular facts of the case. In other words, the rule was stated that the court did not think under the facts and in view of a negative answer that the rule would apply. So it is in each and every case which may have its characteristics lifting it out of the application of the rule. Attention is here especially called to the Alexander case with the observation that it does not state the rule sought to be established in the State's brief to the effect that whenever an improper question elicits a negative answer it becomes harmless. Some may be harmless and some may be made harmless by a negative answer, but whenever the question is so stated that it amounts to an assertion of a fact under the conditions here under discussion and it implies the commission of another offense, it may be said that its harmfulness cannot be cured by the answer and seldom by any instruction which the court is able to give the jury. In explanation of the other authorities discussed in the State's brief, it is sufficient to say that they nowhere lay down the rule claimed by the State. Statements are made and affirmances may be had because of the particular facts of each of the cases. The rule announced in the original opinion in this case is the general rule and seems to be applicable under the record before us.

It is further insisted that the court erred in sustaining appellant's Bill of Exception No. 2 relating to the argument of counsel for the State. The case of Galloway v. State, 252 S. W. 516, is discussed, and from it there is quoted in the State's brief the following: "This court has generally held that prompt action of a trial judge, in directing the jury to disregard improper argument, would obviate a reversal, except in extreme cases where the argument injected new facts of an obviously harmful nature, or where the language was so inflammatory

in character that its harmful effect could not be remedied by withdrawal."

The exception referred to in this question is forcefully illustrated by the argument held to be improper in this case, which is as follows: "We could have put on many more witnesses that would have testified to the same facts that the witness testified to that we did not put on."

The court should have instructed the jury that this was an improper argument and that they should disregard it, but the court had no power to tell the jury that the attorney asserted a falsehood. His statement was probably true but in order to avail himself of the force and effect of these additional witnesses, it is required that they be brought into the court room and the appellant given his constitutional right to be confronted by his accusers. Counsel states that he has such witnesses and in effect what they would say. One juror might have argued that he had three or four and another that he had several times that number. The harmful effect of such argument on the minds of the jury cannot be measured. It may be much greater on one juror than on another, but one thing is certain,—counsel made the assertion that other witnesses would testify to the same effect as those which had been brought into the court room, and thereby sought to avail the prosecution of their testimony without such witnesses being sworn and without the appellant having a right to cross-examine them. Such an assertion could not be cured by the charge of the court.

The State's Attorney has joined the District Attorney by filing a brief in which he asserts that the effect of this holding is that a witness might tell what he has "heard" about a defendant whose reputation has been placed in issue but cannot testify as to what he "knew" of such fact. This is exactly the rule. The appellant had placed in issue only his reputation and that cannot be combatted with testimony of specific acts of misconduct. Character is made up of the things an individual actually is and does. If character were in issue, specific acts of conduct might be proven to rebut evidence of a man's good character. Reputation is a different thing. It is what people think an individual is and what they say about him. Only these things may be proven in rebuttal of a claim of good reputation. If the appellant could put his character in issue as well as his reputation, the field of inquiry might be broadened. Until he does the State is limited to an inquiry concerning that which is in issue. There is nothing new in this

rule. The difficulty lies in the practice of using the words "character" and "reputation" interchangeably so frequently. It may be understood that when we speak of "character witnesses" we refer to reputation.

In Prater v. State, 284 S. W. 965, the doctrine has been thoroughly discussed and proper distinguishment made between character and reputation, a number of decisions of our own state are quoted from and relied on, and a discussion of the subject is made in the light of the treatment given it by Underhill on Criminal Evidence, (3d Ed.), Sec. 141, pp. 181-182. Quotations from Wigmore on Evidence are given in support of an assertion of good reasoning for the rule.

In Adaire v. State, 45 S. W. (2d) 984, the rule in the Prater case was re-stated and it was there held that specific acts of misconduct on the part of the accused could not be proven on cross-examination of a character witness, and the reasoning hereinabove stated is specifically announced.

In Shipley v. State, 100 S. W. (2d) 704, it was held that while a witness who testified as to the good reputation might be cross-examined in a manner to test his knowledge of the reputation, yet he could not be asked concerning facts and conduct within his own knowledge; that reputation cannot be shown by proof of specific facts and acts.

The motion for rehearing is overruled.