**Michael Dennis SWALLOW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1145–91.**

Court of Criminal Appeals of Texas, En Banc.

April 29, 1992.

Randy Taylor, Dallas, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Steven W. Conder, Rosa Anna Salinas and Lisa Mullen, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of the offense of driving while intoxicated. The jury assessed his punishment at incarceration in the county jail for a year and a half and a $1,500.00 fine. In an unpublished opinion the Second Court of Appeals affirmed the conviction. *Swallow v. State*, (Tex.App.—Fort Worth, No. 2–90–048–CR, delivered September 11, 1991). The court of appeals held, *inter alia,* that the trial court did not err in overruling appellant's objection that the prosecutor commented on his failure to testify at the punishment phase of trial, and that the trial court's instruction to disregard an arguably improper question from the prosecutor was sufficient to cure error, if any. We granted appellant's petition for discretionary review in order to examine these contentions.

### I.

Appellant testified at the guilt phase of trial that, although he had drunk five beers on the night of the arrest, he had drunk them over the course of five hours, and that he had only appeared intoxicated as a result of cold medicine he had ingested shortly before he got into his car. This testimony was necessarily inconsistent with

either an expression of remorse or an admission of guilt. Although appellant did not take the stand at the punishment phase, his attorney in final argument continued to insist that the medication was at least a causative factor in appellant's arrest. For this and other reasons he argued that appellant's "was as minor a DWI as you're going to have."

The prosecutor made the following argument at the punishment phase, describing what she considered to be "the type of person that would be worthy of even the average type of DWI" punishment within the statutory range:

> "First, it would be someone who was minimally intoxicated, mildly intoxicated, lower on the scale intoxicated. Next would be somebody who was young, if you consider the purposes of a punishment hearing. Somebody who was younger. Someone who was a first offender, a perfectly clean record. Somebody who made a mistake for the first time. *Somebody who was remorseful for their actions. Somebody who admits error.*"

Counsel for appellant objected at this juncture that the prosecutor was commenting on appellant's failure to testify, but his objection was overruled.

The court of appeals held that the prosecutor's remark did not clearly refer to appellant's failure to testify, citing this Court's plurality opinion in *Jones v. State,* 693 S.W.2d 406 (Tex.Cr.App.1985). Although it did not expressly hold so, the court of appeals' allusion to the holding in *Jones,* supra, at 409, suggests it believed the prosecutor's remarks could easily have been construed to be a reference to testimony appellant gave at the guilt phase of

trial, rather than to his failure to testify at the punishment phase.[1] Under such circumstances the plurality in *Jones* held that no comment was made. In the alternative it was held that any error was cured and/or harmless.

■■■ "For there to be reversible error because of an allusion to or comment on the failure of an accused to testify in his own behalf, the language must be looked to from the standpoint of the jury, and the implication that the language used had reference to such failure to testify must be a necessary one." *Koller v. State,* 518 S.W.2d 373, at 375 (Tex.Cr.App.1975). "It is not sufficient that the language might be construed as an implied or indirect allusion thereto." *Id.* Language that can reasonably be construed to refer to a failure to present evidence other than from the defendant's own testimony does not amount to comment on failure to testify. E.g., *Hammond v. State,* 799 S.W.2d 741, at 748 (Tex.Cr.App.1990). But where argument points to a lack of evidence that only the defendant personally can supply, we have held it to be error. E.g., *Angel v. State,* 627 S.W.2d 424 (Tex.Cr.App.1982).

■■■ Testimony as to contrition or remorse can only come from the accused, and when offered by witnesses other than the accused himself, is inadmissible. *Thomas v. State,* 638 S.W.2d 481 (Tex.Cr.App. 1982).[2] A confession or admission of guilt must likewise emanate from the accused himself. We believe the jury would naturally and necessarily have taken the prosecutor's remarks in this cause as a comment on the failure of appellant himself to express remorse and acknowledge his guilt. By pointing out that the "average" punishment for DWI should be meted out to one

---

**1.** Like appellant, Jones testified at the guilt phase of trial but not at punishment. The prosecutor remarked at the punishment phase, "The defendant hasn't indicated any remorse." After Jones' objection was sustained and the jury instructed to disregard, the prosecutor continued with a direct reference to Jones' testimony during the guilt phase of trial. See 693 S.W.2d at 408.

**2.** We nevertheless held in *Thomas* that no error occurred. There the prosecutor argued that ap-

pellant had not presented testimony from family to the effect that he was regretful of his crime. Although we observed that this argument was erroneous, we held it was not a comment on Thomas' failure to testify. In the instant cause there was no such argument as that made in *Thomas* calling for the testimony of others; nor do we believe a jury would naturally construe the argument to allude to any such testimony.

who, *inter alia*, expresses remorse and admits his guilt, she necessarily invited the jury to contrast appellant's failure in these regards. These remarks thus necessarily referred to his lack of remorse and failure to acknowledge his crime during his testimony at the guilt phase of trial. However, they just as necessarily called the jury's attention to the fact that, once it had rejected his testimony at the guilt phase, appellant failed to take the stand at punishment and provide that testimony which would have been antithetical to his posture at the guilt stage, *viz:* that he was in fact guilty and was sorry for what he had done. Thus, while it clearly alluded to his testimony at guilt, the prosecutor's comment just as clearly alluded to his lack of testimony at punishment. It is not an either/or situation. The comment necessarily alluded to both. To the extent it alluded to the latter, it was error. Insofar as the plurality opinion in *Jones* suggests otherwise, it is overruled. The cause will be remanded to the court of appeals for a determination of harm, *vel non*. *Montoya v. State*, 744 S.W.2d 15, at 37–38 (Tex.Cr.App.1987) (Opinion on appellant's motion for rehearing); Tex.R.App.Pro., Rule 81(b)(2).

## II.

■ Appellant's former wife testified at the punishment phase of trial in order to establish his eligibility for probation, and that he had been a good provider to their son since the divorce. She maintained that probation would be in appellant's best interest. It was subsequently brought out that appellant had served a previous probation for driving while intoxicated, and had "curtailed" his drinking as a result. The prosecutor then asked, "Did you know he was very recently arrested for DWI in Dallas?" Before the witness could respond, the jury was retired and an in camera hearing was conducted. At the hearing it was developed that the DWI arrest in Dallas had ended in an acquittal. After a lunch break the prosecutor relented:

"Your Honor, at this time, after going to lunch and after talking with the Appellate Section, even though the State feels like that was a specific instance of

bad conduct and the acquittal doesn't take away the fact that it was a bad act, we're going to withdraw the question, in an abundance of caution, and ask the Court to instruct the jury to disregard that, and also instruct them, or he can introduce the document, that it was an acquittal. But I'm not backing off my position that it is admissible."

The trial judge accordingly instructed the jury the moment it was returned to the courtroom:

" ... Members of the jury, prior to you being asked to retire the last time, there was a witness on the witness stand in which a question was asked, and specifically in regards to whether or not the witness knew that the Defendant had been arrested for driving while intoxicated.

"At that time we withdrew you. I'm instructing you now to disregard totally that question and disregard any answer given to that question. You just set it out totally of your mind. That is not part of the evidence in this case. Be guided only by the sworn testimony as you received it and given to you by the Court."

Appellant then requested a mistrial, but his request was denied. Appellant was subsequently allowed to prove that ten days earlier he had been acquitted of charges of driving while intoxicated in Dallas County. The court of appeals ruled that error, if any, was cured by the trial court's instruction to disregard the question, relying upon this Court's holding in *Waldo v. State*, 746 S.W.2d 750 (Tex.Cr.App.1988).

In *Waldo* we held that the general presumption is that an instruction to disregard erroneous argument or objectionable evidence is sufficient to cure error. That this presumption is reversed in the case of direct comments on failure of the accused to testify is a product of the mandatory language of Article 38.08, V.A.C.C.P. Of course that is not at issue in this second point of error. Outside of that circumstance it is well settled "that error in admitting improper evidence may be generally corrected by a withdrawal and an in-

struction to disregard it except in extreme cases where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Id.*, at 752, quoting *Harris v. State*, 375 S.W.2d 310 (Tex.Cr.App.1964). Although reversal for improper questions alone is "rare," e.g., *Pearce v. State*, 513 S.W.2d 539 (Tex.Cr.App.1974), it has been said that "whenever the question is so stated that it amounts to an assertion of a fact ... and it implies the commission of another offense, it may be said that its harmfulness cannot be cured by the answer and seldom by any instruction which the court is able to give the jury." *McNaulty v. State*, 138 Tex.Cr. 317, 135 S.W.2d 987, 988–89 (1940) (Opinion on rehearing). Nevertheless, the Court has never held categorically that a question such as that propounded here can never be cured. The efficacy of curative instructions is to be determined case by case. *Id; Waldo*, supra, 746 S.W.2d at 753.

The question here clearly asserted that appellant had been arrested for a separate DWI. But the jury was immediately removed and then informed in no uncertain terms upon its return that it was to disregard the question. Counsel for appellant was immediately allowed to establish appellant had been duly acquitted of the separate charge in a court of law. This amounts to more than a mere negative answer to the specific question whether the witness had "heard" appellant had been arrested for driving while intoxicated, such as was found to be inefficacious in *McNaulty*. In fact, it was calculated to inform the jury it should draw no inference whatsoever from the fact of his arrest. As such, it supplemented the trial court's instruction to disregard. Under the circumstances we see no justification for second-guessing the court of appeals' determination that the question propounded here, if error, was not so indelible "as to suggest the impossibility of withdrawing the impression produced on [the jury's] mind." *Waldo*, supra, 746 S.W.2d at 752.

The judgment of the court of appeals is reversed and the cause is remanded for a determination of whether error in overruling appellant's objection to the prosecutor's comment on his failure to testify was harmless beyond a reasonable doubt.

McCORMICK, P.J. and OVERSTREET, J., concur in the result.

WHITE, J., dissents.

BENAVIDES, J., dissents with note: Believing that the disposition of Part I of the majority opinion should be controlled by our opinion in *Jones v. State*, 693 S.W.2d 406 (Tex.Cr.App.1989), I dissent. The statement was not naturally and necessarily a comment on the failure of appellant to testify in *Jones* and should not be construed as such a comment in the instant case.