**Eldridge Remonin WOODLEY, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–96–150–CR.**

Court of Appeals of Texas,
Eastland.

Feb. 6, 1997.

J. Sidney Crowley, Houston, for appellant.

John B. Holmes, District Attorney of Harris County, Houston, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

ARNOT, Chief Justice.

The jury convicted appellant of the offense of aggravated sexual assault, made an affirmative deadly weapon finding, and assessed his punishment at confinement for 34 years plus a fine of $10,000. In his sole point of error, appellant argues that the trial court erred in failing to grant a motion for mistrial after the prosecutor impermissibly commented upon appellant's failure to testify at the punishment phase of trial. We affirm.

■ The record shows that appellant testified at the guilt/innocence phase of the trial, admitting that he had had intercourse with the complainant but claiming that she had consented. He did not testify at the punishment phase of trial. During closing argument, after the prosecutor asked the jury to consider assessing at least 45 or 50 years confinement, he argued:

> It's your time to see that justice is done. One thing you all need to look at is the fact he has not shown any remorse. His behavior here in the courtroom, when he took the stand to get up there and lie to you all, talk like he did about [the complainant].

The trial court sustained appellant's objection that the State was commenting upon his failure to testify. Appellant then moved for a mistrial without requesting that the jury be instructed to disregard the State's comment. Therefore, he failed to preserve the issue for

review. *Cockrell v. State,* 933 S.W.2d 73 (Tex.Cr.App.1996).[1]

■ Moreover, we find that, to the extent that the prosecutor's argument commented upon appellant's failure to testify,[2] any error was harmless beyond a reasonable doubt because it did not contribute to the verdict. Tex.R.App.P. 81(b)(2); *Chapman v. California,* 386 U.S. 987, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967); *Orona v. State,* 791 S.W.2d 125, 130 (Tex.Cr.App.1990). The record shows that on August 30, 1995, appellant forced the 16–year–old complainant to go to an abandoned apartment where he sexually assaulted her at gunpoint. Appellant was 17 years old on the date of the offense. Appellant had been smoking marihuana and consuming alcohol before the offense. The day before the sexual assault, appellant had been in the same neighborhood at about the same time of day ringing the doorbell at an apartment where a friend of the complainant's lived. Appellant had a gun and would not leave until the woman inside the apartment picked up the phone to call the police. Appellant's prior criminal record showed that, less than three months prior to the instant offense, he had been convicted of possession of marihuana and of carrying a weapon. There was testimony during the punishment phase that appellant had assaulted a peace officer at school; that he had been expelled from school because of his behavior; and that he was rude, disrespectful, disruptive, assaultive, and violent.

In addition, it seems apparent that the prosecutor intended for the jury to understand his argument to refer to appellant's behavior and testimony when appellant testified at the guilt/innocence phase of trial. After reviewing the totality of the facts and the arguments of the parties, we find beyond a reasonable doubt that the prosecutor's comment did not contribute to the jury's verdict. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.

---

1. We note that the court in *Cockrell* expressly overruled *Montoya v. State,* 744 S.W.2d 15 (Tex. Cr.App.1987), *cert. den'd,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988). *Montoya* held that the defendant's objection to a jury argument (which was sustained) and his motion for mistrial (which was denied) was sufficient to preserve error even though he had not requested an instruction to disregard. However, the court in *Cockrell* stated that *Montoya* held:

> [A] defendant's *failure to pursue to an adverse ruling* his objection to a jury argument does not constitute a waiver where an instruction to disregard could not have cured the erroneous jury argument. (Emphasis added)

Although both appellant and Montoya received an adverse ruling when their motion for mistrial was denied, we interpret *Cockrell* to hold that this is not sufficient to preserve error because *Cockrell* "expressly overruled" *Montoya.*

2. The Court of Criminal Appeals held that a similar argument was an improper direct comment upon the defendant's failure to testify at the punishment phase of trial even though the argument also alluded to the defendant's testimony at the guilt/innocence phase of trial. *Swallow v. State,* 829 S.W.2d 223, 225 (Tex.Cr.App.1992) (where the prosecutor argued that the type of person worthy of the average punishment was somebody "who was remorseful for their actions" and "who admits error").