Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
ERNEST URQUIDEZ,                                       )                  No. 08-03-00209-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  205th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20010D03459)

O P I N I O N

            Ernest Urquidez appeals his conviction of three counts of aggravated sexual assault. A jury
found Appellant guilty and assessed punishment on each count at a fine of $10,000 and life
imprisonment. We affirm.
FACTUAL SUMMARY
            Detective Jaime Terrazas of the El Paso County Sheriff’s Office investigated allegations that
Appellant had sexually assaulted his mentally impaired stepdaughter. Based on an interview with
the victim, Detective Terrazas obtained an arrest warrant for Appellant and a search warrant for
Appellant’s home to look for pornographic videotapes which the victim said Appellant had showed
to her.


 Terrazas arrested Appellant and interviewed him. Appellant provided Detective Terrazas
with a written statement in which he admitted sexually assaulting his stepdaughter beginning when
she was eleven years old.


 Appellant explained that the eleven-year-old victim had “mental
problems and needed help with basic living skills,” so while his wife worked, Appellant taught the
victim how to clean herself, bathe, and how to dress. When the victim asked him questions about
sex, he “began teaching her.” The victim persisted in asking him questions, so he began to
demonstrate sex for her. Initially, Appellant masturbated in the victim’s presence and touched her
breasts with his hands and mouth. Consistent with the victim’s statement, Appellant admitted
showing pornographic movies to her. On other occasions, Appellant placed his penis in the victim’s
mouth, touched her genitals with his mouth, and engaged in sexual intercourse with her. Appellant
told the victim that he would hit her if she did not let him have sex with her and he told her not to
tell anyone else. In his statement, Appellant described how he had been dressed in nothing but a blue
bath robe when the victim and one of her friends were at the house. He also used the robe’s belt to
blindfold the victim during one sexual encounter. 
            After obtaining Appellant’s statement, Terrazas and other officers executed the warrant on
the home where Appellant lived with his wife and the victim. They found and seized a blue robe but
did not find the pornographic videotapes. The officers also took photographs of the home’s exterior
and interior. In a hearing held outside the jury’s presence, Appellant objected to the admission of
the robe and photographs of the home’s interior because these items were not named in the search
warrant. The trial court sustained his objection to the robe but admitted the photographs of the
home’s exterior and interior. 
ADMISSION OF PHOTOGRAPHS
            In Issue One, Appellant contends that the court erred in admitting the photographs because
the search exceeded the scope of the warrant in violation of Article 18.01(d) of the Code of Criminal
Procedure.


 We understand Appellant to complain only about State’s Exhibits 6 through 10 which
are photographs of the home’s interior as it appeared during the search.


 The State responds that the
officers were lawfully in the home pursuant to the search warrant and are permitted to photograph
anything in plain view. Additionally, the State argues that taking photographs of the home’s interior
does not constitute a search or seizure. We agree.
            Appellant has not challenged the validity of the search warrant. Detective Terrazas and the
other officers were lawfully in the residence and photographed the items in plain view. The
photographs simply reflect what the officers observed during the execution of the warrant and do not
constitute a search or seizure of evidence. For the same reason, the taking of the photographs did
not exceed the scope of the warrant. See Gordon v. State, 640 S.W.2d 743, 754 (Tex.Crim.App.
1982)(photographs of homicide scene taken during course of search pursuant to warrant were not
inadmissible on ground that the photographs were not enumerated in Article 18.02; since search was
valid, the officers did not exceed the scope of the warrant in making photographs of what was plainly
visible for preservation of evidence); Chase v. State, 508 S.W.2d 605, 611 (Tex.Crim.App.
1974)(police officers did not go beyond scope of warrant by taking photographs of plyboard used
in murder where officers were lawfully on the premises and taking of photographs did not constitute
search and seizure); Tocher v. State, 501 S.W.2d 921, 925 (Tex.Crim.App. 1973)(photographs of
murder scene taken by officers who were on the scene during execution of valid search warrant
depicted only what was in plain view and did not constitute search and seizure). The trial court did
not abuse its discretion in admitting these photographs. Issue One is overruled.
PROSECUTOR’S ARGUMENT
            In Issue Two, Appellant argues that the trial court erred by failing to grant a mistrial after the
prosecutor commented during the punishment phase on his failure to testify. Proper jury argument
includes four areas: (1) summation of the evidence presented at trial; (2) reasonable deductions
drawn from that evidence; (3) answers to opposing counsel’s argument; and (4) pleas for law
enforcement. McFarland v. State, 845 S.W.2d 824, 844 (Tex.Crim.App. 1992). In reviewing final
arguments, we must consider the remarks at issue in the context of the entire jury argument rather
than isolated sentences. Denison v. State, 651 S.W.2d 754, 761 (Tex.Crim.App. 1983).
            Prosecutorial comment that refers to an accused’s failure to testify violates the accused’s right
against compelled self-incrimination. Canales v. State, 98 S.W.3d 690, 695 (Tex.Crim.App. 2003). 
The comment must clearly refer to the accused’s failure to testify, and it is not sufficient if it might
be construed as an implied or indirect allusion. Id. The test is whether the language used was
manifestly intended or was of such a character that the jury would necessarily and naturally take it
as a comment on the defendant’s failure to testify. Id. The reviewing court considers the comment
from the standpoint of the jury. See Swallow v. State, 829 S.W.2d 223, 225 (Tex.Crim.App. 1992).
Arguments pointing to the lack of evidence that only the defendant could personally supply through
his testimony violates the defendant’s right against self-incrimination. See id. It is permissible for
the prosecutor to comment on the defense’s failure to present evidence from a source other than the
defendant’s own testimony. See Fuentes v. State, 991 S.W.2d 267, 275 (Tex.Crim.App. 1999).
            During closing argument, defense counsel argued that the jury should consider the full range
of punishment, including probation, because the jury could likely conceive of a situation where a
defendant deserved a harsher sentence than Appellant. The prosecutor responded by urging the jury
to assess punishment at life imprisonment because the facts of the case represented the worst case
scenario. She then argued:
[The prosecutor]: This is a life case, ladies and gentlemen. Why else? Why is this
life? You heard information that, once he was caught, did he come forward? Did he
ever -- did you ever hear testimony that he felt so bad about this or felt so guilty that
he came forward and told on himself? [Emphasis added].
 
[Appellant’s counsel]: Objection, Your Honor. We would object to that argument. 
She is commenting on the failure of the defendant to testify.
 
[The Court]: Sustained. Ladies and gentlemen of the jury, please disregard that last
statement.
 
[Appellant’s counsel]: And we move for a mistrial.
 
[The Court]: Denied.
 
[The prosecutor]: We heard evidence that we learned of this abuse because [the
victim] finally told somebody. When he is caught, what does he do? Does he accept
responsibility? No. He takes off. And we are so fortunate that nearly a year later we
found him. Imagine what this family is going through when we get to break the
news. Yes, he was arrested. Yes, he went to jail. But guess what? He was let out
on bond and he is gone. 

. . .
 
While he may have confessed -- and again, this evidence has been reintroduced. You
get to take the confession back there with you when you deliberate. While he does
confess to Detective Terrazas, he is still not any kind of super hero, because what is
this confession also full of? Lies. He claims, to try to lessen this, that [the victim’s
mother] knew about this and didn’t do anything about it and let that man stay in her
home. 

            The prosecutor’s argument that Appellant did not come forward, when considered in the
context of the entire argument and the evidence, does not necessarily or directly refer to his failure
to testify. In his written statement, Appellant claimed that he had confessed to his wife and had
expressed sorrow for what he had done to his stepdaughter. He and his wife agreed not to tell
anyone because it would distress the victim. His wife directly contradicted these assertions. The
prosecutor argued that Appellant had lied in his statement and they only learned of his behavior
when the child told someone what had happened. The prosecutor’s argument was a proper
summation of the evidence and did not clearly refer to Appellant’s failure to testify at trial. 
Moreover, even if the prosecutor’s argument could be construed as improper, the trial court’s
instruction to disregard cured the error. See Bower v. State, 769 S.W.2d 887, 907 (Tex.Crim.App.
1989); Jackson v. State, 745 S.W.2d 4, 15 (Tex.Crim.App. 1988); Hawkins v. State, 660 S.W.2d 65,
79 (Tex.Crim.App. 1983). Issue Two is overruled. Having overruled both issues presented on
appeal, we affirm the judgment of the trial court.


April 28, 2005                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)