Affirmed and Memorandum Opinion filed April 12, 2007








Affirmed and Memorandum Opinion filed April 12, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00502-CR

____________

 

JUAN REYES SOLIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1044361

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Juan Reyes Solis, was charged by indictment with
the felony offense of aggravated sexual assault.  He pleaded not guilty, and
elected to have his case tried before a jury.  The jury found appellant guilty,
and the trial court assessed punishment at eighty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice, plus a
ten thousand dollar fine.  Appellant filed his written notice of appeal on the
same day.  Appellant raises four issues: 1) prosecutors improperly commented on
appellant=s exercise of his choice not to testify, in violation
of the Fifth Amendment of the U.S. Constitution; 2) prosecutors improperly
commented on his failure to testify, in violation of the Texas Constitution and
article 38.08 of the Texas Code of Criminal Procedure; 3) trial counsel=s failure to
object to the Fifth Amendment violations amounted to ineffective assistance; and
4) trial counsel=s failure to object to violations of the
Texas Constitution amounted to ineffective assistance of counsel.  We find that
the first two issues were waived, and that appellant cannot meet the test for showing
ineffective assistance in his third and fourth issues.  Therefore, we affirm. 

Factual
and Procedural Background

On August 30, 2003, the complainant was walking from the
Galleria, where she worked as a hairstylist, to her car in the employee parking
garage, when she saw a man running toward her.  The man threw her to the
ground, struck her several times, and twisted her neck.  He forced her into the
passenger side of her vehicle head first.  He drove her away from the Galleria
some distance, then stopped the car, forced her into the backseat and raped
her.  He then began driving again, and when the vehicle slowed at a red light,
the complainant jumped out of the car and ran.  She got into a car with two
people who were behind her at the red light.  

The complainant was taken to a hospital, where a sexual
assault exam was performed.  Sperm was recovered and the DNA was eventually
matched to appellant.  Appellant was arrested and charged with aggravated
sexual assault.

Appellant=s complaints all stem from statements made
by a prosecutor during the State=s closing
arguments.  The following are the excerpts from the closing argument which
allegedly comment on appellant=s failure to testify: 

$                  
AHe thinks he is real smart.  He
thinks he=s smarter than the 12 of you.  He
thinks he is smart enough to come in here and say, It is not me.  Why don=t you just forget about the fact
that they picked out two and four in the photo spread.@








$                  
AYou remember in voir dire when I
told you about all the rights defendants have and victims have none? None. He
has a right to stand up here and tell you: not guilty.  And he forced me to
bring a trial and bring all the evidence.  He has a right to force
[complainant] to come in here and tell you what happened.  He took that right.@

$                  
ADon=t give him credit.  Don=t let him come in here and tell
you: Not me.  Don=t let him come in here and tell you
some man in Pasadena confessed.  You know that=s not what the officer said.  He said that some
other idiot in Pasadena said that he heard some other idiot bragging about
something.  That=s not a signed confession.@  

$                  
AYou can=t hold it against
him, but you can=t give him credit and pretend like maybe
there is something more because there is not.  This is it.  It is simple. It
doesn=t get any more
complicated or get any more simple.  It=s cut and dried. 
DNA on a vaginal swab inside the complainant.  She told you how scared she was.@    

None
of the prosecutor=s statements were objected to, and the
jury began deliberations immediately following the State=s closing
argument.

Analysis

I.        Lack of
Objection to Alleged Comments on Silence Waived Error

In his first two issues, appellant complains that the prosecutor
commented on his failure to testify at trial, in violation of the U.S.
Constitution, the Texas Constitution, and article 38.08 of the Texas Code of
Criminal Procedure.  

As a prerequisite for appeal, the record must show that the
complaint was made to the trial court by a timely request, objection, or
motion.  Tex. R. App. P.
33.1(a).  This rule applies to comments by a court or prosecutor regarding the
defendant=s invocation of the right to remain silent.  See Griffin
v. State, 181 S.W.3d 818, 823 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  A[T]hough such
comments are a constitutional violation, a defendant waives her right to
complain on appeal if she fails to make a timely, specific objection to those
comments.@  Id.  Here, no objection was raised by
appellant during the prosecutor=s closing argument.  Therefore, appellant
cannot raise this alleged error on appeal.  








Appellant also seems to argue in his brief that because an
alleged violation of the U.S. Constitution is involved, we should invoke Federal
Rule of Criminal Procedure 52(b), which allows for consideration of unpreserved
error when Aplain error affecting substantial rights has been
committed.@  See Fed.
R. Crim. P. 52(b).  However, the federal rules of procedure apply in
federal courts, not state courts.  See Tribe,
American Constitutional Law ' 3‑24 at 166
(2d ed. 1988) (AOf necessity, state procedural law
determines the manner in which a federal question is to be presented in state
court, unless federal substantive law defines its own procedural matrix...@); see also
Flores v. State, No. 13-99-561-CR, 2001 WL 34615314, at *1 (Tex. App.CCorpus Christi
Feb. 15, 2001, no pet.) (not designated for publication) (AThe Federal Rules
of Criminal Procedure are applicable to federal trials, not state trials.@).  As stated
above, under our state court procedural rules, appellant waived his right to
complain of this alleged error by failing to object at trial.  We overrule
appellant=s issues one and two. 

II.       Trial
Counsel Was Not Ineffective Because Statements Were Not Comments On Appellant=s Silence 

In his third and fourth issues, appellant argues that his
counsel was ineffective because he did not object when the prosecutor commented
on his choice not to testify.  Because appellant cannot meet the threshold
requirement of attorney error, we do not agree that his trial counsel was
ineffective. 








To establish ineffective assistance of counsel, appellant
must show by a preponderance of the evidence that his counsel=s representation
fell below the standard of prevailing professional norms, and that there is a
reasonable probability that, but for counsel=s deficiency, the
result of the trial would have been different.  Strickland v. Washington,
466 U.S. 668, 687 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005).  To argue that a failure to object to the State=s argument
amounted to ineffective assistance, appellant must show that the trial judge
would have committed error in overruling an objection.  Vaughn v. State,
931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (per curiam).[1] 
 A prosecutor=s statements constitute a comment on the failure of a
defendant to testify when the language used was manifestly intended or was of
such a character that the jury would necessarily and naturally take it as a
comment on the defendant=s failure to testify.  Bustamante v.
State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).  Language that can
reasonably be construed to refer to a failure to present evidence other than
from the defendant's own testimony does not amount to a comment on the failure
to testify. Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App.
1992).  But when the State's argument points to a lack of evidence that only
the defendant himself can supply, it is error. Id. 

A.      Prosecutor
Did Not Comment on Appellant=s Failure to
Testify

None of the statements made by the prosecutor were
manifestly intended as comments on appellant=s failure to
testify, nor were they of a character that the jury would necessarily and
naturally take them as a comment on his failure to testify.  

1.       Statement
Number One








First, appellant argues that the statement, A[h]e has a right
to stand up here and tell you: not guilty.  And he forced me to bring a trial
and bring all the evidence.  He has a right to force [complainant] to come in
here and tell you what happened.  He took that right@ incites the jury
to take appellant=s failure to testify as a circumstance
against him.  Right before these statements, the prosecutor said, AYou jurors have an
easy job in this case.  And you may be thinking, what are we missing? Why are
we here?@  It seems clear
that the prosecutor was saying that the case was so clear-cut that the jurors
may have wondered why a plea of guilty was not entered, but that it was
appellant=s right to force the State to go through with a trial,
no matter how overwhelming the evidence. Taken in context, it appears that the Aright@ being referred to
was appellant=s right to a jury trial, rather than his right to
remain silent.  

While it is true that a juror could have heard the
prosecutor=s reference to complainant=s testifying and
recalled that appellant had not testified, this is not the natural and
necessary interpretation of the prosecutor=s comment.  The
more natural interpretation is that the reference to complainant=s testimony was
meant to refer to the evidence against appellant that the prosecutor was forced
to produce at trial.  

2.       Statement
Number Two

Next, appellant complains of the statement, A[h]e thinks he is
real smart.  He thinks he's smarter than the 12 of you.  He thinks he is smart
enough to come in here and say, It is not me.  Why don't you just forget about
the fact that they picked out two and four in the photo spread.@ He claims it is a
comment on his failure to testify because he did not actually say these things,
he is the only person who could have addressed the issues raised, and the
implication is that appellant thought he was Asmart@ for hiding behind
the Fifth Amendment.

The meaning of the statement that appellant thought he was
smarter than the jurors is not obvious to this court, and probably was not
obvious to the jury, but it could easily refer again to his right to a jury
trial, and his hope that perhaps the jurors would not take all the evidence at
trial into account. The statement does not necessarily and naturally refer to
appellant hiding behind his right to remain silent.








When the State referred to appellant saying Ait=s not me@ it was not a
reference to anything appellant actually said or should have said at trial, but
rather referred to his not-guilty plea. Therefore, it was a summation of
appellant=s plea to the charged offense, rather than any sort of
comment on a failure to testify.  Likewise, the statement concerning the photo
spread is an implication from the not-guilty plea.  Obviously, appellant never
literally said that the jury should forget the photo spread evidence, but this
statement does not draw the jury=s attention to the
fact that he did not testify.  Rather, it attributes to appellant an attitude
toward a piece of evidence, consistent with his position at trial.  

Appellant also complains that he was the only person who
could have addressed the issues the prosecutor raised.  A statement by a
prosecutor constitutes a comment on the defendant=s silence when the
prosecutor=s argument points to a lack of evidence that only the
defendant himself can supply.  Swallow, 829 S.W.2d at 225.  However,
none of the statements by the prosecutor pointed to a lack of evidence.  Thus,
this argument fails. 

3.       Statement
Number Three

Similarly, appellant argues that the prosecutor commented
on appellant=s failure to testify when he said ADon't give him credit. 
Don't let him come in here and tell you: Not me.  Don't let him come in here
and tell you some man in Pasadena confessed.  You know that's not what the
officer said.  He said that some other idiot in Pasadena said that he heard
some other idiot bragging about something.  That's not a signed confession.@  He argues that
it is a comment on his failure to testify because he never actually said those
things, and the only person who could have responded to the statements was
appellant.  Again, the appellant did not actually say these things, but the
prosecutor was not pointing out a failure to testify to certain things. 
Rather, the prosecutor was summarizing evidence elicited by appellant, and
referred to in appellant=s closing argumentCthat he was
innocent because another man had claimed responsibility. 

Appellant argues again that he was the only person whose
testimony could have responded to the issues raised by the prosecutor. 
However, the prosecutor never pointed to a lack of evidence which could have
only been supplied by appellant.  See Swallow, 829 S.W.2d at 225. 
Clearly, if appellant is referring to a confession made by another individual
to a third party, at least two other people were able to testify regarding the
conversation.  In fact, because he was not a part of that conversation,
appellant could not testify about it.








Appellant once again attempts to invoke this rule under the
wrong circumstances.  Nothing in this statement constituted a comment on
appellant=s failure to testify.

4.       Statement
Number Four

Finally, appellant argues that the State commented on his
silence when it said, AYou can=t hold it against
him, but you can't give him credit and pretend like maybe there is something
more because there is not.  This is it.  It is simple. It doesn't get any more
complicated or get any more simple.  It=s cut and dried. 
DNA on a vaginal swab inside the complainant.  She told you how scared she was.@  However, in
context, when the prosecutor says not to give appellant credit, it appears once
again that she is referring to appellant=s willingness to
go through a jury trial.  The State appears to be arguing that just because a
defendant demands a jury trial, rather than reach a plea agreement, that does
not mean the defendant is innocent.  Whether this is what the State intended to
say by its argument, the statements were not such that they would necessarily
and naturally lead the jury to understand them as a statement on defendant=s failure to
testify.  

Appellant also argues that the mention of complainant=s fear was a
comment on appellant=s failure to testify because only his
testimony would have been responsive to this argument.  Once again, appellant
wrongly invokes this rule.  As with all of prosecutor=s statements, this
one did not refer to a lack of evidence which could only have come from
appellant.  The prosecutor merely referred to evidence which was already in the
record.  Moreover, the two people who gave the victim a ride when she made her
escape could have testified to the level of her fear.

B.      Appellant
Fails First Prong of Strickland








Since none of the statements by the State constituted a
comment on appellant=s failure to testify, it cannot be said that
the trial court would have erred in overruling an objection on that basis, had
one been raised.  See Vaughn, 931 S.W.2d at 566.  Therefore, appellant
cannot even establish the first prong of the Strickland testCthat his
representation fell below the standard of prevailing professional norms.  See
Strickland, 466 U.S. at 687.  We overrule appellant=s issues three and
four. 

Conclusion

Having overruled each of appellant=s four issues, we
affirm the judgment of the trial court. 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

Judgment rendered and Memorandum
Opinion filed April 12, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Since the standard for ineffective assistance is the
same under Federal and Texas law, we consider issues three and four together.  See
Hernandez v. State, 726 S.W.2d 53, 56B57
(Tex. Crim. App. 1986).