COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-227-CR

ROBERTO DAVILA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Roberto Davila of DWI with an open container, and the trial court sentenced him to ninety days in jail, probated for one year, and a $1,000 fine, $800 of which was also probated.  In one point, Appellant contends that the trial court abused its discretion by overruling his objection to the prosecutor’s alleged comment on Appellant’s failure to testify.  Because we hold that the prosecutor’s argument was proper, we affirm the trial court’s judgment.

Officer Jonathan Hicks of the Keller Police Department stopped Appellant at about 4:00 a.m. on May 8, 2004, because one of his headlights was out.  Officer Hicks noticed the smell of an alcoholic beverage, observed that Appellant’s eyes appeared bloodshot, asked whether Appellant had been drinking earlier, and saw a cup of beer in the car.  Officer Hicks then administered the field sobriety tests, which Appellant failed, and arrested Appellant.

At trial, the arresting officer testified that Appellant had told him that he had had one beer, the cup of beer in the car with him, and the video, also admitted into evidence, confirmed this testimony.  Defense witness Refina Garcia, who was with Appellant from about 9:30 p.m. on May 7 until the time of his arrest, testified that Appellant had consumed no more than one or two drinks at a bar, and she did not know if he finished them.  At the party they attended after they left the bar, she noticed that Appellant had a cup, the same cup with which he was arrested, but she did not notice how much he had been drinking.  Appellant’s breath tests, taken two minutes apart at the police station, revealed that he had a blood alcohol level of .098 and .092 respectively.  Appellant’s breath test results were admitted into evidence.

Appellant argues that the prosecutor’s argument called the jury’s attention to the absence of evidence that only his testimony could supply.  To determine if a prosecutor’s comment violated article 38.08 of the Texas Code of Criminal Procedure and constituted an impermissible reference to an accused’s failure to testify, we must consider whether the language used was manifestly intended or was of such a character that the jury would naturally and necessarily consider it to be a comment on the defendant’s failure to testify.
(footnote: 2) The offending language must be viewed from the jury’s standpoint, and the implication that the comment referred to the accused’s failure to testify must be clear.
(footnote: 3)  A mere indirect or implied allusion to the defendant’s failure to testify does not violate the accused’s right to remain silent.
(footnote: 4)
 A prosecutor’s argument that draws the jury’s attention to the absence of evidence that could only be supplied by a defendant’s testimony is improper.
(footnote: 5)  But “when a defendant makes a statement which is admitted into evidence, the State’s reference to the statement and comparison between the statement and the other evidence collected is not a comment on the defendant’s failure to testify or his right to remain silent.”
(footnote: 6)
 During the State’s closing argument, the prosecutor stated,

Now, during the defense opening, they told you that the Defendant—you will hear that the Defendant consumed one drink.  On the video, you can hear the Defendant saying that he had one drink.  So you ask yourself, once you get the breath test results, why would someone who consumes one drink have a breath alcohol concentration of a .096, a .092?  That doesn’t add up.  But once their witness took the stand, it kind of became clear.  She said she saw him consume a couple at the bar and at least one at the party.  She also stated that she was not in his presence the entire time.  Why would their witness come in and say that he consumed more alcohol than he said on that tape?  He’s lying.  He lied that night to the officer and he lied —

. . . . 

[DEFENSE COUNSEL]: . . . .  I object.  That’s a comment on the Defendant’s failure to testify, Your Honor.

[Prosecutor]:  That’s [a] comment on —

[Defense Counsel]:  I object.

[Prosecutor]:  — the evidence on the video.

Based on our review of the argument in context through the prism of the controlling law, we hold that the prosecutor’s language was neither manifestly intended nor of such a character that the jury would necessarily consider it a comment on Appellant’s failure to testify but instead hold that the language was a proper comment on Appellant’s credibility.
(footnote: 7)  Accordingly, the trial court did not abuse its discretion by overruling Appellant’s objection.

We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 28, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 38.08 (Vernon 2005); 
see Bustamante v. State
, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); 
Fuentes v. State
, 991 S.W.2d 267, 275 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 1026 (1999).

3:
Bustamante
, 48 S.W.3d at 765; 
Swallow v. State
, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).

4:
Patrick v. State
, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995), 
cert. denied
, 517 U.S. 1106 (1996).

5:
Madden v. State
, 799 S.W.2d 683, 700 (Tex. Crim. App. 1990), 
cert. denied
, 499 U.S. 954 (1991).

6:
Garcia v. State
, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004).

7:
See id.
;
 Cerda v. State
, 02-04-00331-CR, 2005 WL 1477962, at *3 (Tex. App.—Fort Worth June 23, 2005, pet. ref’d) (mem. op) (not designated for publication).