COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-06-227-CR

 

 

ROBERTO
DAVILA                                                               APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Roberto Davila of DWI
with an open container, and the trial court sentenced him to ninety days in
jail, probated for one year, and a $1,000 fine, $800 of which was also
probated.  In one point, Appellant
contends that the trial court abused its discretion by overruling his objection
to the prosecutor=s alleged comment on Appellant=s
failure to testify.  Because we hold that
the prosecutor=s argument was proper, we affirm
the trial court=s judgment.

Officer Jonathan Hicks of the Keller Police
Department stopped Appellant at about 4:00 a.m. on May 8, 2004, because one of
his headlights was out.  Officer Hicks
noticed the smell of an alcoholic beverage, observed that Appellant=s eyes
appeared bloodshot, asked whether Appellant had been drinking earlier, and saw
a cup of beer in the car.  Officer Hicks
then administered the field sobriety tests, which Appellant failed, and
arrested Appellant.

At trial, the arresting officer testified that
Appellant had told him that he had had one beer, the cup of beer in the car
with him, and the video, also admitted into evidence, confirmed this
testimony.  Defense witness Refina
Garcia, who was with Appellant from about 9:30 p.m. on May 7 until the time of
his arrest, testified that Appellant had consumed no more than one or two
drinks at a bar, and she did not know if he finished them.  At the party they attended after they left
the bar, she noticed that Appellant had a cup, the same cup with which he was
arrested, but she did not notice how much he had been drinking.  Appellant=s breath
tests, taken two minutes apart at the police station, revealed that he had a
blood alcohol level of .098 and .092 respectively.  Appellant=s breath
test results were admitted into evidence.








Appellant argues that the prosecutor=s
argument called the jury=s attention to the absence of
evidence that only his testimony could supply. 
To determine if a prosecutor=s
comment violated article 38.08 of the Texas Code of Criminal Procedure and
constituted an impermissible reference to an accused=s
failure to testify, we must consider whether the language used was manifestly
intended or was of such a character that the jury would naturally and
necessarily consider it to be a comment on the defendant=s
failure to testify.[2]
The offending language must be viewed from the jury=s
standpoint, and the implication that the comment referred to the accused=s
failure to testify must be clear.[3]  A mere indirect or implied allusion to the
defendant=s failure to testify does not
violate the accused=s right to remain silent.[4]








A prosecutor=s
argument that draws the jury=s
attention to the absence of evidence that could only be supplied by a defendant=s
testimony is improper.[5]  But Awhen a
defendant makes a statement which is admitted into evidence, the State=s
reference to the statement and comparison between the statement and the other
evidence collected is not a comment on the defendant=s
failure to testify or his right to remain silent.@[6]

During the State=s
closing argument, the prosecutor stated,

Now, during the defense opening, they told you that the DefendantCyou will hear that the
Defendant consumed one drink.  On the
video, you can hear the Defendant saying that he had one drink.  So you ask yourself, once you get the breath
test results, why would someone who consumes one drink have a breath alcohol
concentration of a .096, a .092?  That
doesn=t add up.  But once their witness took the stand, it
kind of became clear.  She said she saw
him consume a couple at the bar and at least one at the party.  She also stated that she was not in his
presence the entire time.  Why would
their witness come in and say that he consumed more alcohol than he said on
that tape?  He=s lying.  He lied that night to the officer and he lied
C

 

. . . . 

 

[DEFENSE COUNSEL]: . . . .  I
object.  That=s a comment on the
Defendant=s failure to testify,
Your Honor.

 

[Prosecutor]:  That=s [a] comment on C

 

[Defense
Counsel]:  I object.

 

[Prosecutor]:  C the
evidence on the video.








Based on our review of the argument in context
through the prism of the controlling law, we hold that the prosecutor=s
language was neither manifestly intended nor of such a character that the jury
would necessarily consider it a comment on Appellant=s
failure to testify but instead hold that the language was a proper comment on
Appellant=s credibility.[7]  Accordingly, the trial court did not abuse
its discretion by overruling Appellant=s
objection.

We overrule Appellant=s sole
point and affirm the trial court=s
judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  June 28, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005); see Bustamante v. State,
48 S.W.3d 761, 765 (Tex. Crim. App. 2001); Fuentes v. State, 991 S.W.2d
267, 275 (Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999).





[3]Bustamante,
48 S.W.3d at 765; Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App.
1992).





[4]Patrick v. State, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995), cert. denied,
517 U.S. 1106 (1996).





[5]Madden v. State,
799 S.W.2d 683, 700 (Tex. Crim. App. 1990), cert. denied, 499 U.S. 954
(1991).





[6]Garcia v. State,
126 S.W.3d 921, 924 (Tex. Crim. App. 2004).





[7]See id.;
Cerda v. State, 02-04-00331-CR, 2005 WL 1477962, at *3 (Tex. App.CFort
Worth June 23, 2005, pet. ref=d) (mem. op) (not designated for publication).