NO. 07-06-0288-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 14, 2007

_____


HULEN SESSION, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 258TH DISTRICT COURT OF TRINITY COUNTY;

NO. 9030; HONORABLE ERVIN ERNST, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Hulen Sessions, Jr., was convicted by a jury of aggravated robbery and sentenced to forty years confinement. Presenting a single point of error, Appellant contends the trial court erred when it refused to declare a mistrial after a State witness commented on his post-arrest silence. We affirm.

Appellant was indicted for the aggravated robbery of an illegal gaming establishment. At his jury trial, the arresting officer, Deputy Bart Riley of the Angelina County Sheriff's Department, testified on behalf of the State. Appellant's complaint arises from the following exchange that occurred during direct examination:

Prosecutor: Okay. And did this Defendant -- I believe that Mr. Davis asked you if they resisted in any way, was there anything unusual about the arrest of this Defendant?

Riley: Only thing that really stood out in my mind after I Mirandized him, I made an attempt to identify him and he wouldn't even tell me his name, I mean he just --

Prosecutor: Okay.

Riley: -- said nothing.

Counsel: Your Honor, objection, that's inadmissible comment on my client's right to not incriminate himself under the 5th Amendment.

The Court: Sustained.

Counsel: Your Honor, we'd like to approach.

The Court: All right.

Counsel: Your Honor, at this time we ask for a mistrial based on the elicited attempt to make him violate his 5th Amendment rights.

The Court: I'll instruct them he had no obligation to say anything. Your motion is denied. I'll give you instruction, if you want it.

Counsel: I'd like the instruction.

The Court: The jury is instructed that the arrestees as described by this officer had no obligation to say anything to the officers. Carry on.

At the conclusion of the evidence, Appellant was convicted of the offense.

By his sole issue, Appellant maintains that the trial court should have granted his motion for mistrial because the provided instruction was "insufficient to cure the prejudice resulting from the injection of the improper matter." The State on the other hand, while conceding that the witnesses' response was improper, argues that the comment was inadvertent and unsolicited. It further argues that the comment was insignificant in light of the overwhelming evidence of Appellant's guilt and that any potential prejudice was cured by the trial court's instruction.

It is well established that a defendant's post-arrest silence may not be used against him at trial. Under both the Fifth Amendment to the United States Constitution and Art. I, § 10 of the Texas Constitution, a defendant that has been placed under arrest has the right to remain silent and the right not to have that silence used against him, even for impeachment purposes. *See* Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); Sanchez v. State, 707 S.W.2d 575, 580 (Tex.Crim.App. 1986). However, motions for mistrial are an extreme remedy for curing prejudice occurring during trial and should be employed only when the evidence is so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind. Kemp v. State, 846 S.W.2d 289, 308 (Tex.Crim.App. 1992); State v. DeLeon, 971 S.W.2d 701, 705 (Tex.App.–Amarillo 1998, pet. ref'd).

With respect to a defendant's post-arrest silence, any potential prejudice resulting from an improper comment may be cured by an instruction to disregard. Waldo v. State, 746 S.W.2d 750, 754 (Tex.Crim.App. 1988). Such a curative instruction will be presumed

3

effective unless the facts of the case suggest the impossibility of withdrawing the impression produced on the minds of the jury. *Id.* The effectiveness of a curative instruction is determined on a case-by-case basis. Swallow v. State, 829 S.W.2d 223, 227 (Tex.Crim.App. 1992); Veteto v. State, 8 S.W.3d 805, 811 (Tex.App–Waco 2000, pet. ref'd). Although not expressly adopted as exhaustive or definitive, the Court of Criminal Appeals has analyzed the following factors when determining whether an instruction to disregard cured the prejudicial effect:

(1) the nature of the error,
(2) the persistence of the prosecution in committing the error,
(3) the flagrancy of the violation,
(4) the particular instruction given,
(5) the weight of the incriminating evidence, and
(6) the harm to the accused as measured by the severity of the sentence.

*Id.*

A trial court's decision to deny a motion for mistrial is subject to review based upon an abuse of discretion standard. Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). That is to say, as long as the trial court's ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede. If we determine that the trial court erred, we must reverse its judgment unless we determine beyond a reasonable doubt that the error did not contribute to the defendant's conviction. Tex. R. App. P. 44.2(a).

In the present case, we are satisfied that the trial court did not err in denying Appellant's motion for mistrial. As previously cited, upon defense counsel's request, the trial

4

court instructed the jury that Appellant had no obligation to say anything to the officers at the time of his arrest. Although the trial court did not specifically instruct the jury to disregard Deputy Riley's comment, the provided instruction effectively eliminated any negative connotations that the jurors could have associated with the statement. Furthermore, the witness did not make the comment in response to a specific question concerning Appellant's post-arrest silence. The prosecutor merely asked Deputy Riley whether there was anything unusual about Appellant's arrest. Following defense counsel's objection, the prosecutor did not attempt to broach the subject again.

In our view, the witness's momentary and unrepeated reference to Appellant's post-arrest silence was not so emotionally inflammatory as to preclude the effectiveness of the curative instruction. This is particularly true in light of the overwhelming evidence of Appellant's guilt. The State presented multiple eyewitnesses to the robbery in addition to the gun, ski mask, and stolen cash that were found in the vehicle where Appellant was apprehended a short time after the crime was reported.

Because we do not believe the trial court abused its discretion in denying Appellant's motion for mistrial, we overrule Appellant's issue and affirm the judgment of the trial court.


Patrick A. Pirtle
Justice


Do not publish.

5