

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. 0404-10

### EMANUELL GLENN RANDOLPH, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIRST COURT OF APPEALS FORT BEND COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

The State improperly commented on Appellant's failure to testify at the punishment phase. The majority's distinction of *Swallow v. State*, 829 S.W.2d 233 (Tex. Crim. App. 1992) creates an unworkable differentiation between "remorse" and "responsibility." I would affirm the decision of the court of appeals and remand for a new punishment hearing.

This Court in *Swallow* held that a very similar statement to the one in this case clearly alluded to the appellant's failure to testify during the punishment phase of trial. *Id.* at 226.

In *Swallow*, during closing arguments of the punishment stage, the prosecutor implored that a defendant would deserve an average punishment only if that person was "[s]omebody who was remorseful for their actions. Somebody who admits error." *Id.* at 225. We determined that the prosecutor:

> [N]ecessarily called the jury's attention to the fact that, once it had rejected his testimony at the guilt phase, appellant failed to take the stand at punishment and provide that testimony which would have been antithetical to his posture at the guilt stage, *viz:* that he was in fact guilty and was sorry for what he had done.

*Id.* at 226. We held that it is improper for the State to comment on a defendant's failure to express remorse and admit guilt during the punishment phase. *Id.* at 225.

Here, the prosecutor stated, "You heard from him, you heard his version and you dismissed it by finding him guilty. He has not taken responsibility for this crime . . . ." The majority contends that it may be fair game to remark on a defendant's failure to take responsibility during the punishment stage if the defendant denies guilt during the guilt phase, but then does not accept responsibility during the punishment phase. Majority op. at 10.

The majority opinion attempts to differentiate between a defendant showing remorse for a crime and a defendant taking responsibility for a crime. While the definitions differ, the actual effect of placing any related word in different categories is both impractical and far too subjective. This decision creates difficulties in trial strategy and essentially forces the defendant to testify at the punishment phase if he or she offered contrary evidence during the guilt phase.

The bottom line is this: By referring to the fact that Appellant did not take

responsibility for the crime, the State pointed out that the defendant did not testify during the punishment phase of his trial. The majority complicates the matter by analyzing the definitions of the words used by the prosecutor, rather than considering their obvious meaning – thus creating a horrible *Hobson*'s choice for the defendant, an indiscernible dilemma for the trial judge, and an appellate record that will be difficult to decipher. And last, but not least, the prosecutor's statement violates the U.S. Constitution. For the reasons above, I would affirm the court of appeals decision and remand for a new hearing on punishment.

Meyers, J.

Filed: November 23, 2011

Publish