COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-07-193-CR

 

 

DAVID LYNN LUTTRELL                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury
convicted Appellant David Lynn Luttrell of felony driving while intoxicated
(DWI), found that he had used or exhibited a deadly weapon during the
commission of the offense, found the repeat offender allegation true, and
assessed Appellant=s punishment at eighteen years= confinement
in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him
accordingly.  In four issues, Appellant
complains about the State=s jury argument and the jury
charge.  Because we hold that the trial
court did not err, we affirm the trial court=s
judgment.

In his first
issue, Appellant contends that the trial court erred by allowing the State to
comment on his failure to testify.  To be
permissible, the State=s jury argument must fall within
one of the following four general areas: 
(1) summation of the evidence; (2) reasonable deduction from the
evidence; (3) answer to argument of opposing counsel; or (4) plea for law
enforcement.[2]








The code
of criminal procedure provides that a defendant=s
failure to testify on the defendant=s own
behalf may not be held against the defendant and that counsel may not allude to
the defendant=s failure to testify.[3]  To determine if a prosecutor=s
comment violated article 38.08 and constituted an impermissible reference to an
accused=s
failure to testify, we must decide whether the language used was manifestly
intended or was of such a character that the jury naturally and necessarily
would have considered it to be a comment on the defendant=s
failure to testify.[4]  The offending language must be viewed from
the jury=s
standpoint, and the implication that the comment referred to the accused=s
failure to testify must be clear.[5]  A mere indirect or implied allusion to the
defendant=s failure to testify does not
violate the accused=s right to remain silent.[6]

During
closing argument at the guilt phase, the prosecutor argued, AThe
total refusal C that=s what
we call it when you don=t do any tests, no field
sobriety tests, no breath tests.  Did you
see [Appellant] that night?  He=s hoping
you will give him a free pass.@  Defense counsel objected; the objection was
overruled.  The State repeated, AHe is
hoping you=ll give him a free pass,@ and
defense counsel repeated his objection, which was overruled.  The prosecutor then went on,








You see, luckily we have
all those things before he refused those tests, but the fact he refused those
tests, I am going to ask you to hold that against him as well because if you
pull someone over for DWI, they get out of the car and they don=t cooperate with police,
they say, AI am not going to do any
of your tests, I am not going to give a breath test,@ what kind of message
does that send?

 

Everybody that does that,
I guess we couldn=t arrest them for
DWI.  Just refuse everything.  Think about that.

 

Appellant
complains that the prosecutor=s
repeated statementCAHe=s hoping
you=ll give
him a free pass@Cis
either a direct comment because only Appellant could testify about his subjective
hopes and desires or an indirect comment because it covered a subject that
could only be controverted by Appellant=s direct
testimony.  But having reviewed the
context in which the statement was made, we agree with the State that the
prosecutor was alluding not to Appellant=s
failure to testify but to his failure to take the field sobriety tests and
breath tests.  The fact that Appellant
had refused the tests was in evidence, and the prosecutor could therefore
properly comment on that refusal in closing argument.  We overrule Appellant=s first
issue.








In his
second issue, Appellant contends that the trial court erred by allowing the
State to inject harmful facts into the case during closing argument at the
punishment phase.  The prosecutor argued,
ASo in
April of 2006 [sic],[7]
he gets arrested for [DWI].  He bonds out
again while he=s on bond C.@  Defense counsel objected that the argument
was outside the record because there was no testimony that Appellant was out on
bond.  The trial court overruled the
objection.  The prosecutor continued,

And while on bond, he
picks up another DWI in December of 2006 [sic].[8]  That=s No. 5. 
In all these years he=s been on probation, he=s had opportunity after
opportunity after opportunity.  He=s been provided
counseling, he=s been provided therapy
over and over and over and over. 
[Emphasis added.] 

 

Defense
counsel objected that the prosecutor was arguing outside the record, and the
trial court sustained the objection, instructed the jury to disregard the
prosecutor=s last remark, and denied
Appellant=s motion for mistrial.  Because Appellant did not renew his objection
regarding bond evidence after the prosecutor stated, AAnd
while on bond, he picks up another DWI in December of 2006 [sic],@[9] he is
not entitled to reversal.[10]  We overrule Appellant=s second
issue.








In
Appellant=s third issue, he complains that
the trial court erred by overruling his motion for mistrial after the
prosecutor argued, as set out above, that A[h]e=s been
provided counseling, he=s been provided therapy over and
over and over and over.@ 
When the trial court sustains an objection and instructs the jury to
disregard but denies a defendant=s motion
for a mistrial, the issue is whether the trial court abused its discretion in
denying the mistrial.[11]  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, that is, Aso
prejudicial that expenditure of further time and expense would be wasteful and
futile,@ will a
mistrial be required.[12]  In determining whether the trial court abused
its discretion in denying the mistrial, we balance three factors:  (1) the severity of the misconduct
(prejudicial effect), (2) curative measures, and (3) the certainty of the
punishment assessed absent the misconduct.[13]








The
evidence showes that Appellant=s
community supervision for his April and December 2000 DWI offenses was revoked
because he failed to report to an intensive day treatment program aftercare,
and the order granting community supervision for his 1984 DWI conviction in
Ellis County provides that he was ordered to attend a DWI education program
approved by Ellis County community supervision officers.  Given that there was some evidence of treatment
opportunities; that the trial court gave a prompt instruction to disregard the
comment, which we presume the jury followed;[14]
and that Appellant, who has five past DWI convictions, received an
eighteen-year sentence, not the twenty-year maximum sentence urged by the
State, we cannot say that the trial court abused its discretion by denying
Appellant=s motion for mistrial.  We overrule his third issue.








In his
fourth issue, Appellant contends that the trial court erred by failing to
require the jury to find beyond a reasonable doubt that he Aknew
that a deadly weapon would be used or exhibited,@ despite
the inclusion of that language in the deadly weapon allegation in the
indictment.  We note that the quoted
language was part of the law of parties= charge
on the deadly weapon in the indictment.[15]  But no evidence that Appellant was guilty as
a party was admitted during trial; Appellant was the only one in the
car.  The jury charge properly does not
include a charge on the law of parties regarding Appellant=s guilt
of DWI; the law of parties is inapplicable to this case.  Accordingly, the deadly weapon charge given
was proper.[16]
 We overrule Appellant=s fourth
issue.

Having
overruled Appellant=s four issues, we affirm the
trial court=s judgment.

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 26, 2009











[1]See Tex. R. App. P. 47.4.





[2]Felder v. State, 848 S.W.2d 85, 94B95 (Tex. Crim. App. 1992),
cert. denied, 510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d
230, 231 (Tex. Crim. App. 1973).





[3]Tex. Code Crim. Proc.
Ann. art. 38.08 (Vernon 2005).





[4]Id.; see Bustamante v.
State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); Fuentes v. State,
991 S.W.2d 267, 275 (Tex. Crim. App.), cert. denied, 528 U.S. 1026
(1999).





[5]Bustamante, 48 S.W.3d at 765; Swallow
v. State, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).





[6]Wead v. State, 129 S.W.3d 126, 130
(Tex. Crim. App. 2004); Patrick v. State, 906 S.W.2d 481, 490B91 (Tex. Crim. App.
1995), cert. denied, 517 U.S. 1106 (1996).





[7]Appellant and the State
both point out that this was a misstatement by the prosecutor and should have
been the year 2000, not 2006, the year of the commission of the offense before
this court.





[8]See note 7 supra.





[9]See note 7 supra.





[10]See Lucero v. State, 246 S.W.3d 86, 102
(Tex. Crim. App.) (A[Lucero] failed to object
to the State=s subsequent jury
arguments that >there=s no evidence of remorse= and that [he] >shows little remorse.= [Lucero], therefore, is
not entitled to a reversal due to the State=s earlier objected‑to reference to [his]
lack of remorse.@), cert. denied,
129 S. Ct. 80 (2008).





[11]Hawkins v. State, 135 S.W.3d 72, 77 (Tex.
Crim. App. 2004).





[12]Id.; see also Simpson v.
State,
119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 542 U.S. 905
(2004).





[13]Hawkins, 135 S.W.3d at 77; Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied,
526 U.S. 1070 (1999).





[14]See Wesbrook v. State, 29 S.W.3d 103, 116
(Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001).





[15]See Tex. Code Crim. Proc.
Ann. art. 42.12, '  3(g)(a)(2) (Vernon
Supp. 2008) (AThe provisions of Section
3 of this article do not apply . . . to a defendant when it is shown
that a deadly weapon as defined in Section 1.07, Penal Code, was used or
exhibited during the commission of a felony offense or during immediate flight
therefrom, and that the defendant used or exhibited the deadly weapon or was
a party to the offense and knew that a deadly weapon would be used or exhibited.@) (emphasis added).





[16]See id. art. 36.14 (Vernon 2007)
(providing that the jury charge shall set forth law applicable to the case); Wesbrook,
29 S.W.3d at 122 (holding no abuse of discretion for trial court not to submit
renunciation instruction when no evidence of renunciation admitted).