

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-193-CR

DAVID LYNN LUTTRELL                                         APPELLANT

V.

THE STATE OF TEXAS                                               STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

A jury convicted Appellant David Lynn Luttrell of felony driving while intoxicated (DWI), found that he had used or exhibited a deadly weapon during the commission of the offense, found the repeat offender allegation true, and assessed Appellant's punishment at eighteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial

---

[1] *See* Tex. R. App. P. 47.4.

court sentenced him accordingly. In four issues, Appellant complains about the State's jury argument and the jury charge. Because we hold that the trial court did not err, we affirm the trial court's judgment.

In his first issue, Appellant contends that the trial court erred by allowing the State to comment on his failure to testify. To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.[2]

The code of criminal procedure provides that a defendant's failure to testify on the defendant's own behalf may not be held against the defendant and that counsel may not allude to the defendant's failure to testify.[3] To determine if a prosecutor's comment violated article 38.08 and constituted an impermissible reference to an accused's failure to testify, we must decide whether the language used was manifestly intended or was of such a character that the jury naturally and necessarily would have considered it to be a

---

[2] *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

[3] Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 2005).

comment on the defendant's failure to testify.[4]  The offending language must be viewed from the jury's standpoint, and the implication that the comment referred to the accused's failure to testify must be clear.[5]  A mere indirect or implied allusion to the defendant's failure to testify does not violate the accused's right to remain silent.[6]

During closing argument at the guilt phase, the prosecutor argued, "The total refusal — that's what we call it when you don't do any tests, no field sobriety tests, no breath tests.  Did you see [Appellant] that night?  He's hoping you will give him a free pass."  Defense counsel objected; the objection was overruled.  The State repeated, "He is hoping you'll give him a free pass," and defense counsel repeated his objection, which was overruled.  The prosecutor then went on,

> You see, luckily we have all those things before he refused those tests, but the fact he refused those tests, I am going to ask you to hold that against him as well because if you pull someone over for DWI, they get out of the car and they don't cooperate with police,

---

[4] *Id.*; *see Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); *Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999).

[5] *Bustamante*, 48 S.W.3d at 765; *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).

[6] *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004); *Patrick v. State*, 906 S.W.2d 481, 490–91 (Tex. Crim. App. 1995), *cert. denied*, 517 U.S. 1106 (1996).

they say, "I am not going to do any of your tests, I am not going to give a breath test," what kind of message does that send?

Everybody that does that, I guess we couldn't arrest them for DWI. Just refuse everything. Think about that.

Appellant complains that the prosecutor's repeated statement—"He's hoping you'll give him a free pass"—is either a direct comment because only Appellant could testify about his subjective hopes and desires or an indirect comment because it covered a subject that could only be controverted by Appellant's direct testimony. But having reviewed the context in which the statement was made, we agree with the State that the prosecutor was alluding not to Appellant's failure to testify but to his failure to take the field sobriety tests and breath tests. The fact that Appellant had refused the tests was in evidence, and the prosecutor could therefore properly comment on that refusal in closing argument. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court erred by allowing the State to inject harmful facts into the case during closing argument at the punishment phase. The prosecutor argued, "So in April of 2006 [sic],[7] he gets arrested for [DWI]. He bonds out again while he's on bond —."

---

[7] Appellant and the State both point out that this was a misstatement by the prosecutor and should have been the year 2000, not 2006, the year of the commission of the offense before this court.

4

Defense counsel objected that the argument was outside the record because there was no testimony that Appellant was out on bond. The trial court overruled the objection. The prosecutor continued,

> And while on bond, he picks up another DWI in December of 2006 [sic].[8] That's No. 5. In all these years he's been on probation, he's had opportunity after opportunity after opportunity. *He's been provided counseling, he's been provided therapy over and over and over and over*. [Emphasis added.]

Defense counsel objected that the prosecutor was arguing outside the record, and the trial court sustained the objection, instructed the jury to disregard the prosecutor's last remark, and denied Appellant's motion for mistrial. Because Appellant did not renew his objection regarding bond evidence after the prosecutor stated, "And while on bond, he picks up another DWI in December of 2006 [sic],"[9] he is not entitled to reversal.[10] We overrule Appellant's second issue.

In Appellant's third issue, he complains that the trial court erred by overruling his motion for mistrial after the prosecutor argued, as set out above,

---

[8] *See* note 7 *supra*.

[9] *See* note 7 *supra.*

[10] *See Lucero v. State*, 246 S.W.3d 86, 102 (Tex. Crim. App.) ("[Lucero] failed to object to the State's subsequent jury arguments that 'there's no evidence of remorse' and that [he] 'shows little remorse.' [Lucero], therefore, is not entitled to a reversal due to the State's earlier objected-to reference to [his] lack of remorse."), *cert. denied*, 129 S. Ct. 80 (2008).

5

that "[h]e's been provided counseling, he's been provided therapy over and over and over and over." When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.[11] Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, that is, "so prejudicial that expenditure of further time and expense would be wasteful and futile," will a mistrial be required.[12] In determining whether the trial court abused its discretion in denying the mistrial, we balance three factors: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct.[13]

The evidence shows that Appellant's community supervision for his April and December 2000 DWI offenses was revoked because he failed to report to an intensive day treatment program aftercare, and the order granting community supervision for his 1984 DWI conviction in Ellis County provides that he was ordered to attend a DWI education program approved by Ellis

---

[11] *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

[12] *Id.; see also Simpson v. State,* 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied,* 542 U.S. 905 (2004).

[13] *Hawkins,* 135 S.W.3d at 77; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

County community supervision officers.  Given that there was some evidence of treatment opportunities; that the trial court gave a prompt instruction to disregard the comment, which we presume the jury followed;[14] and that Appellant, who has five past DWI convictions, received an eighteen-year sentence, not the twenty-year maximum sentence urged by the State, we cannot say that the trial court abused its discretion by denying Appellant's motion for mistrial.  We overrule his third issue.

In his fourth issue, Appellant contends that the trial court erred by failing to require the jury to find beyond a reasonable doubt that he "knew that a deadly weapon would be used or exhibited," despite the inclusion of that language in the deadly weapon allegation in the indictment.  We note that the quoted language was part of the law of parties' charge on the deadly weapon in the indictment.[15]  But no evidence that Appellant was guilty *as a party* was admitted during trial; Appellant was the only one in the car.  The jury charge

---

[14] *See Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001).

[15] *See* Tex. Code Crim. Proc. Ann. art. 42.12, §  3(g)(a)(2) (Vernon Supp. 2008) ("The provisions of Section 3 of this article do not apply . . . to a defendant when it is shown that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon or *was a party to the offense and knew that a deadly weapon would be used or exhibited*.") (emphasis added).

properly does not include a charge on the law of parties regarding Appellant's guilt of DWI; the law of parties is inapplicable to this case. Accordingly, the deadly weapon charge given was proper.[16] We overrule Appellant's fourth issue.

Having overruled Appellant's four issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 26, 2009

---

[16] *See id.* art. 36.14 (Vernon 2007) (providing that the jury charge shall set forth law applicable to the case); *Wesbrook*, 29 S.W.3d at 122 (holding no abuse of discretion for trial court not to submit renunciation instruction when no evidence of renunciation admitted).

8